**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Movant Paul Worland*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS BETANCOURT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FASTLY, INC., JOSHUA BIXBY, and ADRIEL LARES Defendants<br><br>Defendants. | Case No. 4:20-cv-06024-PJH<br><br>**MOTION OF PAUL WORLAND FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; AND MEMORANDUM AND POINTS OF AUTHORITIES**<br><br>Date:          December 2, 2020<br>Time:          9:00 a.m.<br>Courtroom:   3-3rd Floor<br>Judge:         Hon. Phyllis J. Hamilton |
| RAMI HABIB, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FASTLY, INC., JOSHUA BIXBY, and ADRIEL LARES<br><br>Defendants. | Case No. 4:20-cv-06454-PJH |

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, that on December 2, 2020 at 9:00  a.m., or as soon as counsel may be heard, the undersigned will move before the Honorable Phyllis J. Hamilton at the United States District Court for the Northern District of California, Oakland Courthouse, Courtroom 3 on

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PAUL WORLAND'S MOTION FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
NOS. 4:20-cv-06024-PJH; 4:20-cv-06454-PJH

the 3rd Floor, 1301 Clay Street, Oakland, CA 94612, pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, for an Order:

1.    Consolidating the above-captioned related actions (the "Actions");

2.    Appointing Paul Worland ("Movant") as Lead Plaintiff;

3.    Approving Movant's choice of Levi & Korsinsky, LLP ("Levi & Korsinsky"), as Lead Counsel; and

4.    Granting such other and further relief as the Court may deem just and proper.

Movant respectfully submits the following memorandum in support of his motion for: (a) consolidation of the related Actions; (b) appointment of Movant as Lead Plaintiff; and (c) approval of Levi & Korsinsky as Lead Counsel.

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PAUL WORLAND'S MOTION FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
NOS. 4:20-cv-06024-PJH; 4:20-cv-06454-PJH

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

I.     SUMMARY OF ARGUMENT.................................................................................... 1

II.    STATEMENT OF ISSUES TO BE DECIDED.................................................................. 1

III.   STATEMENT OF FACTS.................................................................................... 2

IV.    ARGUMENT ................................................................................................ 3

   A.  Consolidation of the Actions is Appropriate ...................................................... 3

   B.  Movant's Appointment as Lead Plaintiff Is Appropriate. .................................... 4

      1.  The Procedure Required by the PSLRA........................................................ 4

         a.  Movant Is Willing to Serve as Class Representative............................................ 5

         b.  Movant Has the Largest Financial Interest in the Relief Sought by the Class. ...... 6

      2.  Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure. ................................................................................................ 6

         a.  Movant's Claims Are Typical of the Claims of All Class Members. .................. 7

         b.  Movant Will Adequately Represent the Class......................................................... 8

   C.  Approval of Movant's Choice of Counsel Is Appropriate. ............................................. 9

V.     CONCLUSION ................................................................................................ 10

iii

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PAUL WORLAND'S
MOTION FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF LEAD COUNSEL
NOS. 4:20-cv-06024-PJH; 4:20-cv-06454-PJH

# **TABLE OF AUTHORITIES**

**Cases**

*Booth v. Strategic Realty Trust, Inc.*,
No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014)................... 6

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ................................................................................ 1, 6, 7

*Crawford v. Honig,*
37 F.3d 485 (9th Cir. 1994) ........................................................................................ 8

*Deinnocentis v. Dropbox, Inc.,*
No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020*)*................... 9

*In re Drexel Burnham Lambert Grp.*,
960 F.2d 285 (2d Cir. 1992) ........................................................................................ 8

*Ferrari v. Gisch*,
225 F.R.D. 599 (C.D. Cal. 2004).................................................................................. 7

*Francisco v. Abengoa, S.A.*,
No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016) ................ 10

*Gen. Tel. Co. of the Southwest v. Falcon*,
457 U.S. 147 (1982) .................................................................................................. 8

*Gold v. Lumber Liquidators, Inc.,*
323 F.R.D. 280 (N.D. Cal. 2017) ................................................................................. 8

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ..................................................................................... 7

*Haung v. Acterna Corp.,*
220 F.R.D. 255 (D. Md. 2004) ..................................................................................... 7

*Hessefort v. Super Micro Computer, Inc,*
317 F.Supp.3d 1056 (N.D. Cal. 2018).......................................................................... 7

*Isaacs v. Musk,*

No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717 (N.D. Cal. Nov. 27, 2018), .......... 9

*Johnson v. Celotex Corp.,*

899 F.2d 1281 (2d Cir. 1990) ................................................................................... 3, 4

*Johnson v. OCZ Tech. Grp.,*

2013 U.S. Dist. LEXIS 1610 (N.D. Cal. Jan. 4, 2013) ........................................... 1, 5

*In re LendingClub Sec. Litig.,*

282 F.Supp.3d 1171 (N.D. Cal. 2017) .................................................................... 7, 8

*Levin v. Res. Capital Corp.,*

No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377 (S.D.N.Y. Oct. 5, 2016) ............... 10

*In re Milestone Sci. Sec. Litig.,*

183 F.R.D. 404 (D.N.J. 1998) ...................................................................................... 7

*Mitchell v. Complete Mgmt., Inc.,*

1999 U.S. Dist. LEXIS 14460 (S.D.N.Y. Sept. 17, 1999) ........................................... 3

*In re Oxford Health Plans, Inc. Sec. Litig.,*

182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................... 7

*Pope v. Navient Corp.,*

No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340 (D.N.J. Feb. 2, 2018) .......... 10

*Primavera Familienstifung v. Askin,*

173 F.R.D. 115 (S.D.N.Y. 1997) ................................................................................. 4

*Robidoux v. Celani,*

987 F.2d 931 (2d Cir. 1993) ........................................................................................ 7

*In re Sundial Growers Inc. Sec. Litig.,*

No. 1:19-cv-08913-ALC (S.D.N.Y. Dec. 20, 2019) .................................................... 9

*In re Tesla, Inc. Sec. Litig.,*

No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) .......... 9

*Veal v. LendingClub Corporation,*

    2018 WL 5879645 (N.D. Cal. Nov. 7, 2018) ........................................................................... 7

*Weisz v. Calpine Corp.,*

    2002 U.S. Dist. LEXIS 27831 (N.D. Cal. Aug. 19, 2002) ........................................................ 4

*Weltz v. Lee,*

    199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................................................. 3

*Zhang v. Valaris PLC, et al.,*

    No. 1:19-cv-07816-NRB (S.D.N.Y. Dec. 23, 2019) ............................................................... 9

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................................................ passim

**Rules**

Fed. R. Civ. P. 23(a) ............................................................................................................... 1, 6, 7, 8

Fed. R. Civ. P. 42(a) .......................................................................................................................... 3

## I.    SUMMARY OF ARGUMENT

Presently pending before the Court is the above-captioned securities class actions (the "Actions") brought on behalf of all persons who purchased or otherwise acquired the securities of Fastly, Inc. ("Fastly" or the "Company") between May 6, 2020 and August 5, 2020, inclusive (the "Class Period"). Plaintiff in the Actions alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company and certain of its officers and/or directors.

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Paul Worland ("Movant") lost approximately $15,550 in losses recoverable under *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 338 (2005) using a last-in-first-out ("LIFO") analysis. *Johnson v. OCZ Tech. Grp.*, No. 12-cv-05265-RS, 2013 U.S. Dist. LEXIS 1610, at *7 (N.D. Cal. Jan. 4, 2013).[1] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[2] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movant respectfully requests that: (1) the related Actions be consolidated; (2) he be appointed Lead Plaintiff; and (3) his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") be approved as Lead Counsel.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Actions involve substantially similar issues of fact and law and should be consolidated;

---

[1] Movant's certification identifying his transactions in Fastly, as required by the PSLRA, as well as a chart identifying his losses, are attached to the accompanying Declaration of Adam M. Apton ("Apton Decl"), as Exhibits A and B, respectively.

[2] The "Class" is comprised of all persons who purchased or otherwise acquired securities during the Class Period.

2.      Whether the Court should appoint Movant as lead plaintiff under the PSLRA; and

3.      Whether the Court should appoint Movant's selection of Levi & Korsinsky as lead counsel for the proposed Class.

### III.      STATEMENT OF FACTS[3]

Fastly is the provider of an edge cloud platform that enables "customers to create great digital experiences quickly, securely, and reliably by processing, serving, and securing [its] customers' applications as close to their end-users as possible." ¶ 2.

Throughout the Class Period, Defendants knowingly and/or recklessly made false and/or misleading statements about the Company's business, operations, and prospects. Specifically, Defendant made false and/or misleading statements and/or failed to disclose: (1) that Fastly's largest customer was ByteDance, operator of TikTok, which was known to have serious security risks and was under intense scrutiny by U.S. officials; (2) that there was a material risk that Fastly's business would be adversely impacted should any adverse actions be taken against ByteDance or TikTok by the U.S. government; and (3) that, as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. ¶ 6.

On July 31, 2020, President Trump announced a plan to ban TikTok in the U.S. over national security concerns. ¶ 4.

During its second quarter ("Q2") 2020 earnings conference call on August 5, 2020, Defendants disclosed that ByteDance, the Chinese company that operates the wildly popular mobile app TikTok, was Fastly's largest customer in Q2 2020, and that TikTok represented about 12% of Fastly's revenue for the six months ended June 30, 2020. ¶ 3. This news shocked the market, as TikTok had been under heavy scrutiny by U.S. officials and others since at least late 2019 due to fears that the data it collects from its users could be accessed by the Chinese

---

[3] Citations to "¶ __" are to paragraphs of the Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") filed in the first-filed action captioned *Betancourt v. Fastly, Inc., et al.*, 3:20-cv-06024-LHK (N.D. Cal. Aug. 27, 2020) (the "*Betancourt* Action"). The facts set forth in the Complaint are incorporated herein by reference.

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PAUL WORLAND'S
MOTION FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF LEAD COUNSEL
NOS. 4:20-cv-06024-PJH; 4:20-cv-06454-PJH

government. ¶ 4. As Fastly's Chief Executive Officer ("CEO") admitted on the Q2 2020 earnings call, "any ban of the TikTok app by the US would create uncertainty around our ability to support this customer[,]" and "the loss of this customer's traffic would have an impact on our business." *Id*.

On this news, Fastly's share price fell $19.28, or approximately 17.7% from the previous trading day's closing price of $108.92, to close at $89.64 on August 6, 2020. ¶ 5. On August 6, 2020, Fastly's shares continued to decline when President Trump issued an executive order effectively banning TikTok, dropping another $10.31 per share from the closing price on August 6, 2020, or approximately 11.5%, to close at $79.33 on August 7, 2020. *Id*.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## IV.    ARGUMENT

### A.  Consolidation of the Actions is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions."  *Id*.

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a); *Takeda v. Turbodyne Techs., Inc*., 67 F. Supp. 2d 1129, 1132-33 (C.D. Cal. 1999); *see also Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation") (quoting *Johnson v. Celotex Corp*., 899 F.2d 1281, 1284-85 (2d Cir. 1990)).  Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc*., No. 99-cv-1454, 1999 U.S. Dist. LEXIS 14460, *4 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same

'public statements and reports' consolidation is appropriate if there are common questions of law and fact . . . .") (citation omitted); *Primavera Familienstifung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements. *See, e.g.*, *Weisz v. Calpine Corp.*, No. 02-cv-1200, 2002 U.S. Dist. LEXIS 27831, at *7-8 (N.D. Cal. Aug. 19, 2002); *Takeda*, 67 F. Supp. 2d at 1132-33 (consolidation appropriate in securities class actions).

The Actions pending before this Court present similar factual and legal issues, as they both involve the same subject matter and are based on the same wrongful course of conduct. Each names Fastly and certain of its officers and/or directors as defendants. Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

**B. Movant's Appointment as Lead Plaintiff Is Appropriate.**

**1. The Procedure Required by the PSLRA**

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead

4

plaintiff is the "person or group of persons" that:

> (aa)    has either filed the complaint or made a motion in response to a notice;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *4 (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Actions.

### a.    Movant Is Willing to Serve as Class Representative.

On August 27, 2020, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Fastly and the Individual Defendants, and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Action.[8]

Movant has reviewed the complaint filed in the pending *Betancourt* Action and has timely filed his motion pursuant to the Notice. *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *6.

---

[8] The Notice was published over *Globe Newswire*, a widely circulated national business-oriented wire service. A copy of the Notice is attached as Exhibit C to the Apton Decl.

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PAUL WORLAND'S
MOTION FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF LEAD COUNSEL
NOS. 4:20-cv-06024-PJH; 4:20-cv-06454-PJH

**b. Movant Has the Largest Financial Interest in the Relief Sought by the Class.**

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Actions. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl, Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-4921, 2014 U.S. Dist. LEXIS 10501, at *3-4 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Within the Class Period, Movant purchased Fastly shares in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered a substantial loss of approximately $15,550 under a LIFO and *Dura* LIFO analysis. *See* Apton Decl, Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

**2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure.**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class

FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two – typicality

6

and adequacy – are recognized as appropriate for consideration at this stage. *See Hessefort v. Super Micro Computer, Inc,* 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Veal v. LendingClub Corporation,* 2018 WL 5879645, *4 (N.D. Cal. Nov. 7, 2018); *See also Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See USBH Holdings, Inc.* 682 F. Supp.2d at, 1053. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### a.   Movant's Claims Are Typical of the Claims of All Class Members.

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because his claims result from: (i) the same injuries as the absent class members; (ii) the same course of conduct by Defendants; and (iii) are based on the same legal issues. *See In re Twitter, Inc. Sec. Litig.,* 326 F.R.D. 619, 629 (N.D. Cal. 2018); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See In re LendingClub Sec. Litig.,* 282 F. Supp. 3d 1171, 1179 (N.D. Cal. 2017) (citing *Hanlon,* 150 F.3d at 1020).  A finding of commonality frequently supports a finding of typicality. *See Gold v. Lumber Liquidators, Inc.,*

323 F.R.D. 280, 288 (N.D. Cal. 2017) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge)).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired Fastly securities during the Class Period and was damaged thereby. Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because the losses Movant seeks to recover are similar to those of other Class members and his losses result from the defendants' common course of conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See In re LendingClub*, 282 F. Supp. 3d at 1179; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b.  Movant Will Adequately Represent the Class.

Moreover, Movant is an adequate representative for the Class.  Movant is currently retired but prior to that he was employed as a Hospital Technician.  He resides in Oak Park, Illinois, possess a bachelor's degree in Anthropology and considers himself to be a sophisticated investor, having been investing in the stock market for at least 35 years. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*,  37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial losses suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movant's identical interest with the members of the Class,

demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movant will prosecute the Actions vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has the largest financial interest in the outcome of the Actions as a result of the defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Actions.

**C.  Approval of Movant's Choice of Counsel Is Appropriate.**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class.  The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as these and are well-qualified to represent the Class. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See Deinnocentis v. Dropbox, Inc.,* No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020*); Zhang v. Valaris PLC, et al.,* No. 1:19-cv-07816-NRB (S.D.N.Y. Dec. 23, 2019); *In re Sundial Growers Inc. Sec. Litig.,* No. 1:19-cv-08913-ALC (S.D.N.Y. Dec. 20, 2019); *Isaacs v. Musk*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717, at *20 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) (noting Levi & Korsinsky "is

9

experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions."); *Pope v. Navient Corp.*, No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340, at *13–14 (D.N.J. Feb. 2, 2018) (appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter—the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations."); *Francisco v. Abengoa, S.A.*, No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145, at *21 (S.D.N.Y. May 24, 2016) (noting that given "Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class"); *Levin v. Res. Capital Corp.*, No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377, at *4 (S.D.N.Y. Oct. 5, 2016) (appointing Levi Korsinsky as lead counsel and noting that it is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions").  Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible. *See also* Apton Decl, Ex. D (the firm résumé of Levi & Korsinsky).

## V.  CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the related Actions; (2) appoint Movant as Lead Plaintiff for the Class in the Actions; (3) approve Levi & Korsinsky as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: October 26, 2020

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

/s/ *Adam M. Apton*_____
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com

10

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PAUL WORLAND'S MOTION FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL

NOS. 4:20-cv-06024-PJH; 4:20-cv-06454-PJH

Email: amccall@zlk.com

*Attorneys for Movant Paul Worland and Proposed Lead Counsel for the Class*

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PAUL WORLAND'S MOTION FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
NOS. 4:20-cv-06024-PJH; 4:20-cv-06454-PJH