Benjamin Heikali SBN 307466
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
E-mail: bheikali@faruqilaw.com

Lubna Faruqi (admitted *pro hac vice*)
James M. Wilson, Jr. *(pro hac vice* forthcoming)
Robert W. Killorin *(pro hac vice* forthcoming)
Email: lfaruqi@faruqilaw.com
Email: jwilson@faruqilaw.com
Email: rkillorin@faruqilaw.com
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331

*Attorneys for Proposed Lead Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS BETANCOURT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FASTLY, INC., JOSHUA BIXBY, and ADRIEL LARES<br><br>Defendants | Case No. 4:20-CV-06024-PJH<br><br>**NOTICE OF MOTION AND MOTION OF KALPESH BHATIA FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>**CLASS ACTION**</u><br><br>Judge:  Hon. Phyllis J. Hamilton<br>Date:    N/A (*see* Gen. Order No. 72-6)<br>Time:   N/A<br>Courtroom:  3 – 3rd Floor |

[Captions continued on next page.]

**NOTICE OF MOTION AND MOTION OF KALPESH BHATIA FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; (3) APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
**No. 4:20-CV-06024-PJH**

RAMI HABIB, Individually and on Behalf of All Others Similarly Situated,

                     Plaintiff,

         v.

FASTLY, INC., JOSHUA BIXBY, and ADRIEL LARES,

                  Defendants.

Case No. 4:20-cv-06454-PJH

**NOTICE OF MOTION AND MOTION OF KALPESH BHATIA FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; (3) APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
No. 4:20-CV-06024-PJH

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ................................................................................ 1

INTRODUCTION ............................................................................................................... 2

FACTUAL BACKGROUND ................................................................................................ 3

ARGUMENT ...................................................................................................................... 5

I.      THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES .................... 5

II.     BHATIA SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS .............. 6

       A.      The PSLRA's Standard For Appointing A Lead Plaintiff ..................................... 6

       B.      Under the PSLRA, Bhatia Is Entitled To Be Appointed Lead Plaintiff ................ 7

             1.      Bhatia Filed a Timely Motion.................................................................. 7

             2.      Bhatia Has the Largest Financial Interest in the Relief Sought by the Class ...................................................................................................... 8

             3.      Bhatia Meets Rule 23's Typicality and Adequacy Requirements ............. 8

III.    THE COURT SHOULD APPROVE BHATIA'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL ...................................................................................... 10

CONCLUSION .................................................................................................................. 13

**NOTICE OF MOTION AND MOTION OF KALPESH BHATIA FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
**No. 4:20-CV-06024-PJH**

# TABLE OF AUTHORITIES

**Cases**                                                                                      **Page(s)**

*In re Cavanaugh,*
  306 F.3d 726 (9th Cir. 2002) ................................................................................2, 6, 7, 9

*In re Century Aluminum Co. Sec. Litig.,*
  No. C 09-1001 SI, 2009 WL 2905962 (N.D. Cal. Sept. 8, 2009)............................................10

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.,*
  No. 5:11-CV-04003-LHK, 2012 WL 78780 (N.D. Cal. Jan. 9, 2012) ......................................8

*In re Diamond Foods, Inc., Sec. Litig.,*
  281 F.R.D. 405 (N.D. Cal. 2012).............................................................................................8

*Ferrari v. Gisch,*
  225 F.R.D. 599 (C.D. Cal. 2004) ..............................................................................................7

*Hanlon v. Chrysler Corp.,*
  150 F.3d 1011 (9th Cir. 1998) ..................................................................................................9

*In re Heritage Bond Litig.,*
  No. MDL 02-ML-1475 DT, 2004 WL 1638201 (C.D. Cal. July 12, 2004) .............................9

*Hodges v. Akeena Solar, Inc.,*
  263 F.R.D. 528 (N.D. Cal. 2009)...........................................................................................7, 9

*Knox v. Yingli Green Energy Holding Co. Ltd.,*
  136 F. Supp. 3d 1159 (C.D. Cal. 2015) ....................................................................................8

*Miller v. Ventro Corp.,*
  No. 01-CV-1287, 2001 WL 34497752 (N.D. Cal. Nov. 28, 2001) .........................................10

*Query v. Maxim Integrated Prods.,*
  558 F. Supp. 2d 969 (N.D. Cal. 2008) ......................................................................................8

*Reitan v. China Mobile Games & Entm't Grp.,*
  68 F. Supp. 3d 390 (S.D.N.Y. 2014).......................................................................................10

*Takeda v. Turbodyne Techs., Inc.,*
  67 F. Supp. 2d 1129 (C.D. Cal. 1999) ...................................................................................5, 6

*Tanne v. Autobytel, Inc.,*
  226 F.R.D. 659 (C.D. Cal. 2005).............................................................................................9

*Weisz v. Calpine Corp.,*
  No. 4:02-CV-1200, 2002 WL 32818827 (N.D. Cal. Aug. 19, 2002) ...................................6, 9

ii

*Yanek v. Staar Surgical Co.*,
    No. CV 04-8007, 2004 WL 5574358 (C.D. Cal. Dec. 15, 2004) ..............................................5

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
    780 F.3d 597 (4th Cir. 2015) ...................................................................................................11

**Statutes**

15 U.S.C. § 78u-4(a)(1) .................................................................................................................6

15 U.S.C. § 78u-4(a)(3)(A)(i) .......................................................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(i) .......................................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(ii) ...................................................................................................2, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ..............................................................................................2, 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ..........................................................................................8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ...........................................................................................9

15 U.S.C. § 78u- 4(a)(3)(B)(iii)(II) ...............................................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(v) ...........................................................................................1, 3, 10

**Other Authorities**

Anne Cullen,
    *More Judges Are Demanding Diversity Among Class Counsel*, Law360 (July 16, 2020)......13

Fed. R. Civ. P. 23(a)(4)..................................................................................................................9

Fed. R. Civ. P. 42(a) ...................................................................................................................2, 5

Local Civil Rule 7-2(a) ..................................................................................................................1

Northern District of California's General Order No. 72-6 ..............................................................1

Ralph Chapoco,
    *Calls for Lawyer Diversity Spread to Complex Class Litigation*,
    Bloomberg Law (July 30, 2020) ..............................................................................................13

**NOTICE OF MOTION AND MOTION OF KALPESH BHATIA FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
**No. 4:20-CV-06024-PJH**

**NOTICE OF MOTION AND MOTION**

TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on a date and time as may be set by the Court, at the United States District Court for the Northern District of California, Kalpesh Bhatia ("Bhatia") will respectfully move this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an Order: (1) consolidating the above-captioned actions; (2) appointing Bhatia as Lead Plaintiff in the above-captioned actions; (3) approving Bhatia's selection of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.[1]

Bhatia has timely filed his Motion and is the "most adequate plaintiff" under the rules of the PSLRA.  Moreover, Bhatia meets the requirements of Rule 23 of the Federal Rules of Civil Procedure for the purposes of this Motion as his claims are typical of the other purported class members' claims and it will fairly and adequately represent the putative class.  Bhatia also seeks the Court's approval of his selection of Faruqi & Faruqi, LLP, a law firm with substantial experience in prosecuting securities fraud class actions, as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Pursuant to the Northern District of California's General Order No. 72-6, "In re: Coronavirus Disease Public Health Emergency," effective September 16, 2020, for all civil matters, including motion hearings, each judge will determine whether to hold a hearing or decide a civil matter on the papers. Honorable Phyllis J. Hamilton's court schedule provides all motions will be decided on the papers. Accordingly, Bhatia has not noticed his Motion for a particular date and time as is typically required by Local Civil Rule 7-2(a).

---

[1]    All citations, internal quotation marks and footnotes are omitted, and all emphases are added unless otherwise noted.

1

**NOTICE OF MOTION AND MOTION OF KALPESH BHATIA FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
No. 4:20-CV-06024-PJH

In support of his motion, Bhatia respectfully submits a Memorandum of Points and Authorities and the Declaration of Benjamin Heikali.

## INTRODUCTION

The above-captioned securities class actions (the "Actions") presently pending in this District[2] are brought on behalf of a putative class (the "Class") of persons other than defendants Fastly, Inc., Joshua Bixby and Adriel Lares (collectively, "Defendants") who purchased or otherwise acquired Fastly, Inc. ("Fastly" or the "Company") securities between May 6, 2020 and August 5, 2020, both dates inclusive (the "Class Period"). In connection therewith, various movants may seek to be appointed Lead Plaintiff and seek approval their selection of Lead Counsel.

As an initial matter, the Court must decide whether to consolidate the Actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, the Court may consolidate the actions before it that involve a common question of law or fact. Fed. R. Civ. P. 42(a)(2). The Actions may be consolidated as they allege violations of §§ 10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission ("SEC") Rule 10b-5, promulgated thereunder. The Actions also allege substantially similar misconduct by the Company and its officers. As the Actions raise common issues of fact and law, and consolidation will be more efficient for the Court and the parties, the Actions should be consolidated.

With respect to the appointment of a lead plaintiff to oversee the Actions, Congress established a presumption in the PSLRA that requires the Court to appoint the movant who demonstrates the "largest financial interest" in the litigation and who also satisfies Rule 23's typicality and adequacy requirements for class representatives. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

---

[2]    The following related Actions are pending in this District: (1) *Marcos Betancourt v. Fastly, Inc.., et al.*, No. 4:20-CV-06024-PJH (N.D. Cal.) ("*Betancourt*"), which was filed on August 27, 2020, and (2) *Rami Habib v. Fastly, Inc., et al.*, No. 4:20-cv-06454-PJH (N.D. Cal.) ("*Habib*"), which was filed on September 15, 2020. The *Betancourt* action is on behalf of purchasers of Fastly common stock. The *Habib* action is on behalf of purchasers and acquirers of Fastly securities. Bhatia acknowledges that the *Betancourt* and *Habib* actions will need to be consolidated into a single Action.

With total losses of $23,132.00, Bhatia, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant. Bhatia also satisfies Rule 23's typicality and adequacy requirements. Bhatia's claims are typical of the Class's claims because he suffered losses in his Fastly investment as a result of Defendants' false and misleading statements. Further, Bhatia has no conflict with the Class and will adequately protect the Class's interests given his significant financial stake in the litigation and his conduct to date in prosecuting the litigation, including his submission of the requisite certification and his selection of experienced class counsel. Accordingly, Bhatia is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, Bhatia is entitled to select, subject to the Court's approval, Lead Counsel to represent the putative Class. 15 U.S.C. § 78u-4(a)(3)(B)(v). Bhatia has engaged the Faruqi Firm for this purpose. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced plaintiffs' firm with substantial securities class action experience.

For the reasons summarized above and those explained more fully below, Bhatia's motion should be granted in its entirety.

## FACTUAL BACKGROUND

Fastly is a Delaware corporation with its principal executive offices located at 475 Brannan Street, Suite 300, San Francisco, California 94107. *Betancourt*, Class Action Complaint ¶ 13, ECF No. 1 ("*Betancourt* Compl."); *Habib*, Class Action Complaint ¶ 13, ECF No. 1 ("*Habib* Compl."). During the Class Period, Fastly's stock traded on the New York Stock Exchange ("NYSE") under the ticker symbol "FSLY." *Id.*

Fastly is the provider of an edge cloud platform. *Betancourt* Compl. ¶ 17; *Habib* Compl. ¶ 17. Fastly's edge cloud platform purportedly enables customers to create great digital experiences quickly, securely, and reliably by processing, serving, and securing its customers' applications as close to their end-users as possible. *Id.*

NOTICE OF MOTION AND MOTION OF KALPESH BHATIA FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
No. 4:20-CV-06024-PJH

The Actions allege that Defendants knowingly and/or recklessly made false and/or misleading statements and/or failed to disclose that: (1) Fastly's largest customer was ByteDance, operator of TikTok, which was known to have serious security risks and was under intense scrutiny by U.S. officials; (2) that there was a material risk that Fastly's business would be adversely impacted should any adverse actions be taken against ByteDance or TikTok by the U.S. government; and (3) that, as a result, Fastly's positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Betancourt* Compl. ¶ 6; *Habib* Compl. ¶ 6.

The truth began to emerge on August 5, 2020, after-market, when Fastly hosted an earnings call for its Q2 2020 results. *Betancourt* Compl. ¶ 23; *Habib* Compl. ¶ 29. On the call, Fastly's Chief Executive Officer ("CEO"), Joshua Bixby revealed for the first time that "ByteDance, the operator of TikTok[,] was [Fastly's] largest customer in the quarter." *Id.* Fastly also suggested on the call that ByteDance was a significant customer in Q1 as well, with CEO Joshua Bixby stating that "over the last six months, [TikTok] represents just about 12% of revenue, trailing 6 months ending June 30." *Id.* CEO Joshua Bixby admitted that "[a]ny ban of the TikTok app by the U.S. would create uncertainty around our ability to support this customer." *Id.*

On this news, Fastly's share price fell $19.28 per share, or approximately 17.7% from the previous trading day's closing price of $108.92 per share, to close at $89.64 per share on August 6, 2020. *Betancourt* Compl. ¶ 24; *Habib* Compl. ¶ 30.

Also, on August 6, 2020, President Trump issued an executive order that would take effect in 45 days and prohibit any U.S. company or person from transacting with ByteDance, TikTok's Chinese parent company. *Betancourt* Compl. ¶ 25; *Habib* Compl. ¶ 31. The executive order states that TikTok's "data collection threatens to allow the Chinese Communist Party access to Americans' personal and proprietary information – potentially allowing China to track

4

the locations of Federal employees and contractors, build dossiers of personal information for blackmail, and conduct corporate espionage." *Id.*

On this news, Fastly's shares continued to decline, dropping another $10.31 per share from the closing price on August 6, 2020, or approximately 11.5%, to close at $79.33 on August 7, 2020. *Betancourt* Compl. ¶ 26; *Habib* Compl. ¶ 32.

Through these Actions, Bhatia seeks to recover for himself and other Class members the substantial losses that were suffered as a result of the Company's material misrepresentations and/or omissions. Bhatia has reviewed the complaints filed against Fastly in the above-captioned Actions and adopts their allegations.

**ARGUMENT**

**I.    THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**[3]

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not determine the most adequate plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA advises courts to make the decision regarding the appointment of the lead plaintiff for the consolidated action "[a]s soon as practicable after [the consolidation] decision is rendered . . . .").

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42(a); *Yanek v. Staar Surgical Co.*, No. CV 04-8007, 2004 WL 5574358, at *3-4, *7-8 (C.D. Cal. Dec. 15, 2004) (consolidating securities class actions). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See Takeda*

---

[3]    On October 22, 2020, counsel in *Betancourt* and *Habib* filed a Stipulation and [Proposed] Order to Consolidate Related Cases, Extend Defendants' Time to Answer or Otherwise Respond to the Operative Complaint, Vacate the Initial Case Management Conference, and Reset All Related Deadlines. ECF No. 28 in *Betancourt* Docket; ECF No. 16 in *Habib* Docket. The Court has not yet ruled on this stipulation.

5

**NOTICE OF MOTION AND MOTION OF KALPESH BHATIA FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
**No. 4:20-CV-06024-PJH**

*v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (consolidating six actions asserting claims against different defendants over different class periods).

The Actions at issue here clearly involve common questions of fact *and* law.  The Actions assert claims under the Exchange Act on behalf of investors who were defrauded by the defendants.  The Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements that artificially inflated the price of Fastly securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged.  Consolidation of the Actions is therefore appropriate.  *Weisz v. Calpine Corp.*, No. 4:02-CV-1200, 2002 WL 32818827, at *2 (N.D. Cal. Aug. 19, 2002) ("[C]ases should be consolidated where . . . there is more than one action on behalf of a class asserting substantially the same claim or claims").

## II.   BHATIA SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

### A.   The PSLRA's Standard For Appointing A Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B).  It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as the lead plaintiff. *Cavanaugh*, 306 F.3d at 729 (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is then to consider any motion made by class members and is to appoint as the lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members . . . ."  Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

6

NOTICE OF MOTION AND MOTION OF KALPESH BHATIA FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
No. 4:20-CV-06024-PJH

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730 (describing the PSLRA's two-step competitive process for determining the "most adequate plaintiff").

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 730; *Ferrari v. Gisch*, 225 F.R.D. 599, 602 (C.D. Cal. 2004).

**B.    Under the PSLRA, Bhatia Is Entitled To Be Appointed Lead Plaintiff**

As discussed below, Bhatia should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, Bhatia holds the largest financial interest of any movant, and Bhatia otherwise satisfies Rule 23's typicality and adequacy requirements.

**1.    Bhatia Filed a Timely Motion**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff filing the initial complaint was required to publish notice of the complaint within twenty (20) days of its filing. Counsel for first-filed plaintiff Marcos Betancourt published notice of the lead plaintiff deadline via *Globe Newswire* on August 27, 2020.[4] *See* Ex. A.[5] Consequently, any member of the proposed Class in the Actions was required to file a motion seeking to be appointed Lead Plaintiff within 60 days after publication of the notice (*i.e.*, on or before October 26, 2020). *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Thus, Bhatia's motion is timely filed. Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, Bhatia timely signed and submitted certifications with his motion, identifying all of his relevant

---

[4]    Publication by *Globe Newswire* is an adequate means for meeting the PSLRA statutory requirement that notice be published in a widely circulated national business-oriented wire service. *See, e.g., Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 531 (N.D. Cal. 2009) (considering publication in *Globe Newswire* to be sufficient to satisfy the PSLRA's notice requirement).

[5]    All references to Exhibits are references to the exhibits annexed to the Declaration of Benjamin Heikali filed in support hereof.

7

**NOTICE OF MOTION AND MOTION OF KALPESH BHATIA FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
**No. 4:20-CV-06024-PJH**

transactions in Fastly securities during the Class Period, and detailing his suitability to serve as Lead Plaintiff. *See* Ex. B. The PSLRA's procedural requirements have therefore been met.

       **2.**      **Bhatia Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit typically look to four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See Query v. Maxim Integrated Prods.*, 558 F. Supp. 2d 969, 973 (N.D. Cal. 2008). Courts have placed the most emphasis on the last of the four factors: the approximate losses suffered by the movant. *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015); *In re Diamond Foods, Inc., Sec. Litig.*, 281 F.R.D. 405, 408 (N.D. Cal. 2012) ("The fourth factor, approximate loss, is generally considered the most important factor."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012) ("Courts applying the *Olsten* test generally place the greatest emphasis on the last of these factors[,]" *i.e.*, approximate losses).

Overall, during the Class Period, Bhatia purchased 0 net and 1,300 total Fastly shares, expended $23,132.00 in net funds and suffered losses of $23,132.00 when calculated using a last in, first out ("LIFO") methodology. Bhatia is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

       **3.**      **Bhatia Meets Rule 23's Typicality and Adequacy Requirements**

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA also requires that the lead plaintiff satisfy Rule 23 of the Federal Rules of Civil Procedure.

8

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  When assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant.  *See, e.g.*, *Cavanaugh*, 306 F.3d at 730; *see also Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 671 (C.D. Cal. 2005) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").

When assessing a movant's typicality, courts in this Circuit consider whether the other class members "have the same or similar injury, whether the action is based on conduct which is not unique to the [movant], and whether other class members have been injured by the same course of conduct."  *Hodges*, 263 F.R.D. at 532.  However, a movant's claims are typical "if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); *see also In re Heritage Bond Litig.*, No. MDL 02-ML-1475 DT, 2004 WL 1638201, at *7 (C.D. Cal. July 12, 2004) ("Courts have held that if the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established regardless of the factual differences.").

Bhatia's claims are clearly typical of the Class's claims.  Bhatia purchased Fastly shares during the Class Period, suffered damages as a result of the Company's false and misleading statements, and possesses claims against Fastly and certain of its officers under the federal securities laws.  Because the factual and legal bases of Bhatia's claims are similar, if not identical, to those of the Class's claims, Bhatia necessarily satisfies the typicality requirement.  *Weisz*, 2002 WL 32818827, at *9 (finding movant typical when he "acquired securities during the Class Period, at prices allegedly inflated by the defendants' misconduct, and sustained damages as a result.").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  Adequate representation

9

will be found if able and experienced counsel represent the movant, the movant has no fundamental conflicts of interest with the class as a whole, and the action is not likely collusive. *Miller v. Ventro Corp.*, No. 01-CV-1287, 2001 WL 34497752, at *12 (N.D. Cal. Nov. 28, 2001) ("The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.")

Based on the representations in Bhatia's certification, his interests are perfectly aligned with—and by no means antagonistic to—the interests of the Class. *See* Ex. B; *In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2009 WL 2905962, at *4 (N.D. Cal. Sept. 8, 2009) (movant's certification evidenced adequacy to serve as lead plaintiff). Moreover, Bhatia has also selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class. As explained in Section III below, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Ex. C. Consequently, Bhatia is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, Bhatia respectfully submits that he is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Actions.

## III.   THE COURT SHOULD APPROVE BHATIA'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. Bhatia has selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Ex. C; *see also Reitan v. China Mobile Games & Entm't Grp.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions. The firm's resume

indicates that it has litigated more than ten prominent securities class actions since its founding in 1995. Faruqi & Faruqi achieved successful outcomes in many of these cases."). For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g., Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal. 2019) (where, as sole lead counsel, the firm obtained final approval of $6.75 million settlement); *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2018) (appointed as sole lead counsel in the federal action, and together with lead counsel in a parallel state action, obtained final approval of a $13 million global settlement); *Rihn v. Acadia Pharms., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2018) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $2.925 million settlement); *In re Geron Corp., Sec. Litig.*, No. 3:14-CV-01424 (CRB) (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 3:13-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 3:12-CV-213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.*, No. 13-CV-06704 (AJP) (S.D.N.Y. 2015) (where the Faruqi Firm, as co-lead counsel, secured a $3.5 million settlement); *In re Ebix, Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, No. 27 CV 06-8065 (Minn. 4th Jud. Dist. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re*

11

*Tellium Inc. Sec. Litig.*, No. 02 CV-5878 (FLW) (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 97-CV-5056 (E.D.N.Y. 2005) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 98-CV-1068 (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. CV-C-01-0483-JLQ (D. Nev. 2006) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g., Lowthorp v. Mesa Air Group, Inc.*, No. 2:20-cv-00648-MTL (D. Ariz.) (appointed as sole lead counsel for the class); *In re Tahoe Res., Inc. Sec. Litig.*, No. 2:17-cv-01868-RFB-NJK (D. Nev.) (appointed as sole lead counsel for the class); *Liu v. Intercept Pharms. Inc.,* No. 1:17-cv-07371-LAK (S.D.N.Y.) (appointed as sole lead counsel for the class); *Lehmann v. Ohr Pharm. Inc.*, No. 1:18-cv-01284-LAP (S.D.N.Y.) (appointed as sole lead counsel for the class); *In re Synergy Pharms., Inc. Sec. Litig.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.) (appointed as co-lead counsel for the class); *In re CV Scis., Inc. Sec. Litig.*, No. 2:18-cv-01602-JAD-BNM (D. Nev.) (appointed as sole lead counsel for the class); *In re Amarin Corp. PLC Sec. Litig.*, No. 3:19-cv-06601-BRM-TJB (D.N.J.) (appointed as co-lead counsel for the class); *Rudani v. Ideanomics, Inc.*, No. 1:19-cv-06741-GBD (S.D.N.Y.) (appointed as sole lead counsel for the class); *Malhotra v. Sonim Techs., Inc.*, No. 3:19-cv-06416-MMC (N.D. Cal.) (appointed as sole lead counsel for the class).

The Faruqi Firm is a minority-owned and woman-owned[6] law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. The Faruqi Firm has a proven track record of successfully representing its clients in these matters and is nationally recognized for its

---

[6]    *See* Ex. D (certificate from Women's Business Enterprise National Council certifying the Faruqi Firm as a woman-owned business (renewal pending)).

12

excellence.  Not only does the firm have the experience and expertise necessary to obtain significant successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients and judges increasingly seek from the bar.  *See* Anne Cullen, *More Judges Are Demanding Diversity Among Class Counsel*, Law360 (July 16, 2020), https://www.law360.com/articles/1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, *Calls for Lawyer Diversity Spread to Complex Class Litigation*, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.  Class members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel.  Currently, approximately 40% of the firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years.  *See* https://www.faruqilaw.com/our-attorneys.  The Faruqi Firm is proud to be made up of such a diverse group of legal professionals and strongly believes that its clients are better served because of it.

## CONCLUSION

For the foregoing reasons, Bhatia respectfully requests that the Court (1) consolidate the above-captioned actions; (2) appoint Bhatia as Lead Plaintiff; (3) approve his selection of the Faruqi Firm as Lead Counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated:  October 26, 2020                                      Respectfully submitted,

                                                             By: /s/ *Benjamin Heikali*
                                                                      Benjamin Heikali


                                                             **FARUQI & FARUQI, LLP**
                                                             Benjamin Heikali SBN 307466
                                                             10866 Wilshire Boulevard, Suite 1470
                                                             Los Angeles, CA 90024
                                                             Telephone: 424-256-2884
                                                             Facsimile: 424-256-2885
                                                             E-mail: bheikali@faruqilaw.com

                                                             Lubna Faruqi (admitted *pro hac vice*)

13

James M. Wilson, Jr. *(pro hac vice forthcoming)*
Robert W. Killorin *(pro hac vice forthcoming)*
685 Third Avenue, 26th Floor
New York, NY 10017
Ph: (212) 983-9330
Fx: (212) 983-9331
E-mail: lfaruqi@faruqilaw.com
          jwilson@faruqilaw.com
          rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff Kalpesh Bhatia and [Proposed] Lead Counsel for the putative Class*

**NOTICE OF MOTION AND MOTION OF KALPESH BHATIA FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
**No. 4:20-CV-06024-PJH**