ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
  – and –
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARCOS BETANCOURT, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>   vs.<br><br>FASTLY, INC., et al.,<br><br>                Defendants. | Case No. 4:20-cv-06024-PJH<br><br>CLASS ACTION<br><br>NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF |

DATE:       December 2, 2020
TIME:       9:00 a.m.
CTRM:     3, 3rd Floor
JUDGE:   Hon. Phyllis J. Hamilton

4832-9555-7327.v1

TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on December 2, 2020, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3 on the 3rd Floor of the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA, 94612 before the Honorable Phyllis J. Hamilton, class member Andrew R. Zenoff, will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) consolidating the related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Mr. Zenoff as Lead Plaintiff; and (3) approving Mr. Zenoff's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.  This Motion is made on the grounds that the related actions allege substantially similar facts and raise identical legal issues, and Mr. Zenoff is the most adequate plaintiff to serve as lead plaintiff in the consolidated action.  In support of this Motion, Mr. Zenoff submits herewith a Memorandum of Points and Authorities and the Declaration of Michael Albert ("Albert Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Presently pending in this District are two related securities class action lawsuits brought pursuant to §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5: (1) *Betancourt v. Fastly, Inc.*, No. 4:20-cv-06204-PJH; and (2) *Habib v. Fastly, Inc.*, 4:20-cv-06454-PJH (the "Related Actions").[1]  Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar legal and factual issues.[2]

---

[1]    On October 16, 2020, the Court entered an Order relating *Betancourt* and *Habib* and reassigning *Habib* to the Honorable Phyllis J. Hamilton (ECF No. 27).

[2]    All parties agree that the Related Actions should be consolidated.  *See* ECF No. 28.

NOT OF MOT & MOT FOR CONSOL OF RELATED ACTIONS, APPOINTMENT AS LEAD PLTFF, & APPROVAL OF SELECTION OF LEAD COUNSEL; MEMO OF LAW IN SUPPORT THEREOF - 4:20-cv-06024-PJH                                                                                                    - 1 -
4832-9555-7327.v1

Additionally, the PSLRA states that, the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Mr. Zenoff should be appointed as lead plaintiff because he: (1) timely filed this Motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. Zenoff's selection of Robbins Geller to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should consolidate the Related Actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2.    Whether the Court should appoint Mr. Zenoff as lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

3.    Whether the Court should approve Mr. Zenoff's selection of Robbins Geller as lead counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## III.    STATEMENT OF FACTS

Fastly is a cloud computing services provider headquartered in San Francisco.  The Company's edge cloud platform purportedly enables "customers to create great digital experiences quickly, securely, and reliably by processing, serving, and securing [its] customers' applications as close to their end-users as possible."  *Betancourt* ECF No. 1 at ¶17; *Habib* ECF No. 1 at ¶17. The Company's stock trades on the New York Stock Exchange under the ticker FSLY.

The complaints allege that throughout the Class Period, defendants made materially false and misleading statements in violation of the Exchange Act regarding Fastly's business, operations, and prospects.[3]  Specifically, the complaints allege that defendants made false and/or misleading

---

[3]    The *Betancourt* Action is on behalf of those who acquired Fastly **common stock** between May 6, 2020 and August 5, 2020.  The *Habib* Action is on behalf of those who acquired Fastly **securities**

statements and/or failed to disclose that: (1) that Fastly's largest customer was ByteDance, operator of TikTok, which was known to have serious security risks and was under intense scrutiny by U.S. officials; (2) that there was a material risk that Fastly's business would be negatively impacted should any adverse actions be taken against ByteDance or TikTok by the U.S. government; and (3) that, as a result, defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Betancourt* ECF No. 1 at ¶6; *see also Habib* ECF No. 1 at ¶6.

On August 5, 2020, after market close, Fastly held its second quarter ("Q2") 2020 earnings conference call. During the call, defendants disclosed that ByteDance, the Chinese company that operates the wildly popular mobile app TikTok, was Fastly's largest customer in Q2 2020, and that TikTok represented about 12% of Fastly's revenue for the six months ended June 30, 2020.[4] Fastly's Chief Executive Officer stated on the Company's Q2 2020 earnings call, "any ban of the TikTok app by the US would create uncertainty around our ability to support this customer[,]" and "the loss of this customer's traffic would have an impact on our business." *Betancourt* ECF No. 1 at ¶4; *Habib* ECF No. 1 at ¶4. On this news, the price of Fastly shares suffered a two-session decline of over 25%, causing substantial harm to investors.

As a result of defendants' wrongful acts and omissions, and the decline in the market value of Fastly securities, Mr. Zenoff and other class members have suffered significant losses and damages.

## IV.    ARGUMENT

### A.    This Court Should Consolidate the Related Actions to Promote Efficiency

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. Fed. R. Civ. P. 42(a). "In applying this

---

between May 6, 2020 and August 5, 2020. The slight differences in the class definitions will be resolved upon the filing of a consolidated complaint.

[4]    TikTok had been under heavy scrutiny by U.S. officials and others since at least late 2019 due to fears that the data it collects from its users could be accessed by the Chinese government.

NOT OF MOT & MOT FOR CONSOL OF RELATED ACTIONS, APPOINTMENT AS LEAD PLTFF, & APPROVAL OF SELECTION OF LEAD COUNSEL; MEMO OF LAW IN SUPPORT THEREOF - 4:20-cv-06024-PJH                                                                                                - 3 -
4832-9555-7327.v1

standard, courts have found that '[c]onsolidation of private securities fraud class actions arising from the same alleged misconduct is generally appropriate.'" *GGCC, LLC v. Dynamic Ledger Sols., Inc.*, 2018 WL 1388488, at *2 (N.D. Cal. Mar. 16, 2018) (citation omitted).  Furthermore, "[t]he district court has broad discretion . . . to consolidate cases pending in the same district." *Invs. Research Co. v. U.S. Dist. Ct. for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989).

The Related Actions present virtually identical factual and legal issues, alleging the same violations of the Exchange Act against the same defendants.  Because these Related Actions are based on the same facts and legal issues, the same discovery will pertain to both lawsuits.  Thus, consolidation is appropriate here.

### B.    Mr. Zenoff Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedures for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or the group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  Mr. Zenoff meets each of these requirements and should be appointed Lead Plaintiff.

### 1.    This Motion Is Timely

The statutory notice of this action was published on August 27, 2020 advising class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff no later than 60 days from the date of

the notice, or October 26, 2020.  *See* Albert Decl., Ex. A.  Because this Motion is being filed on October 26, it is timely and Mr. Zenoff is entitled to be considered for appointment as lead plaintiff.

**2.    Mr. Zenoff Has a Substantial Financial Interest in the Relief Sought by the Class**

As evidenced by his PSLRA Certification, Mr. Zenoff acquired 138,000 shares of Fastly common stock during the Class Period and suffered over $105,000 in losses as a result of defendants' alleged misconduct.  *See* Albert Decl., Exs. B, C.  Therefore, Mr. Zenoff has a substantial financial interest in the relief sought by the class.

**3.    Mr. Zenoff Is Typical and Adequate of the Putative Class**

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

The test of typicality is "'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'"  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).  The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and able to vigorously prosecute the action on behalf of the class.  *See* Fed. R. Civ. P. 23(a)(4).

Here, Mr. Zenoff purchased Fastly common stock and suffered harm when defendants' alleged misconduct was revealed.  *See* Albert Decl., Exs. B-C.  In addition, Mr. Zenoff's substantial stake in the outcome of the case indicates he has the requisite incentive to vigorously represent the class's claims.  Moreover, Mr. Zenoff is not aware of any conflicts between his claims and those asserted on behalf of the putative class and is not subject to any unique defenses.  In addition, Mr. Zenoff has submitted a Declaration confirming his willingness and ability to serve as lead plaintiff.

*See* Albert Decl., Ex. D.  Mr. Zenoff is a California-based entrepreneur, business owner, and inventor with over 20 years of investing and business leadership experience, and whose products have sold millions of units in more than 30 countries. *See id.* at ¶¶2-3, 5-6.  Mr. Zenoff has experience in hiring and overseeing lawyers. *Id.* at ¶6.  Finally,  as further detailed below and in his Declaration, Mr. Zenoff conducted meaningful diligence and retained a highly competent, qualified, and experienced proposed lead counsel to vigorously prosecute the case on behalf of the class.  *See id.* at ¶11.

Mr. Zenoff's common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel demonstrate that it satisfies the Rule 23 inquiry.

**C.    The Court Should Approve Mr. Zenoff's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class.  *In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35.  Mr. Zenoff has selected Robbins Geller as lead counsel in this case.

Robbins Geller, a 200-attorney nationwide law firm with offices in San Francisco, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[5]  Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments

---

[5]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com.  A paper copy of the Firm's resume is available upon the Court's request, if preferred.

NOT OF MOT & MOT FOR CONSOL OF RELATED ACTIONS, APPOINTMENT AS LEAD PLTFF, & APPROVAL OF SELECTION OF LEAD COUNSEL; MEMO OF LAW IN SUPPORT THEREOF - 4:20-cv-06024-PJH
- 6 -
4832-9555-7327.v1

were cogent, and the representation of their client was zealous."); *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at \*5 (N.D. Cal. Apr. 28, 2016) (finding that Robbins Geller "has extensive experience in litigating complex securities class actions" and that "the Court is satisfied that the lead plaintiff has made a reasonable choice of lead counsel").

Notably, in the first half of 2020 alone, Robbins Geller has recovered more than \$2.5 billion on behalf of investors in securities class action cases, including \$1.02 billion in *Am. Realty*, \$1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) (pending final approval), and \$350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865- AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[6]

Accordingly, Mr. Zenoff's selection of counsel is reasonable and should be approved.

## V. CONCLUSION

The Related Actions are substantially similar in facts and legal issues, and should be consolidated for all purposes. Additionally, Mr. Zenoff has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Mr. Zenoff respectfully requests that the Court consolidate the Related Actions, appoint Mr. Zenoff as Lead Plaintiff, and approve his selection of counsel.

---

[6] *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) (\$7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) (\$600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) (\$1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) (\$925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) (\$445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) (\$671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

NOT OF MOT & MOT FOR CONSOL OF RELATED ACTIONS, APPOINTMENT AS LEAD PLTFF, & APPROVAL OF SELECTION OF LEAD COUNSEL; MEMO OF LAW IN SUPPORT THEREOF - 4:20-cv-06024-PJH
- 7 -
4832-9555-7327.v1

DATED:  October 26, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT

s/ Michael Albert
MICHAEL ALBERT

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October 26, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Michael Albert
MICHAEL ALBERT

ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  malbert@rgrdlaw.com

4832-9555-7327.v1

## Mailing Information for a Case 4:20-cv-06024-PJH Betancourt v. Fastly, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com

- **Brett Hom De Jarnette**
  bdejarnette@cooley.com,galancr@cooley.com

- **Lubna Faruqi**
  lfaruqi@faruqilaw.com,ecf@faruqilaw.com

- **Janelle Marie Fernandes**
  jfernandes@cooley.com,emadrigal@cooley.com

- **Richard W. Gonnello**
  rgonnello@faruqilaw.com,ecf@faruqilaw.com,dbehnke@faruqilaw.com

- **Benjamin Heikali**
  Bheikali@faruqilaw.com,ealdo@faruqilaw.com,rglezakos@faruqilaw.com,smarton@faruqilaw.com,ecf@faruqilaw.com,bgiacalone@faruqilaw.com,tpeter@faruqilaw.c

- **Katherine M. Lenahan**
  klenahan@faruqilaw.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Jessica Valenzuela Santamaria**
  jsantamaria@cooley.com,galancr@cooley.com

- **Nina M. Varindani**
  nvarindani@faruqilaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)