Melissa A. Fortunato (#319767)
Marion C. Passmore (#228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Email: fortunato@bespc.com
        passmore@bespc.com

*Attorneys for Movants and*
*Proposed Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS BETANCOURT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FASTLY, INC., JOSHUA BIXBY, and ADRIEL LARES,<br><br>Defendants. | Case No. 4:20-cv-06024-PJH<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF RAMIRO PINEDA AND WILLIAM E. FEIT FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:        December 2, 2020<br>Time:        9:00 a.m.<br>Courtroom: 3, 3rd Floor<br>Judge:       Honorable Phyllis J. Hamilton |
| RAMI HABIB, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FASTLY, INC., JOSHUA BIXBY, and ADRIEL LARES,<br><br>Defendants. | Case No. 4:20-cv-06454-PJH |

Case No. 4:20-cv-06024-PJH
NOTICE OF MOTION AND MOTION OF RAMIRO PINEDA AND WILLIAM E. FEIT FOR
CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL
OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ...................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................................2

I.     SUMMARY OF ARGUMENT ...............................................................................................2

II.    STATEMENT OF ISSUES TO BE DECIDED ...................................................................3

III.   FACTUAL BACKGROUND..................................................................................................3

IV.    ARGUMENT ............................................................................................................................4

      A.     Consolidation of the Related Actions Is Appropriate .......................................................4

      B.     The Court Should Appoint Movants as Lead Plaintiff ......................................................5

            1.     The Procedure Required by the PSLRA ..............................................................5

            2.     Movants Satisfy the Lead Plaintiff Provisions of the PSRLA...........................6

                  a.     Movants Filed a Timely Motion .............................................................7

                  b.     Movants Have the Largest Financial Interest in the Relief Sought ........7

            3.     Movants Meet Rule 23's Typicality and Adequacy Requirements ...................7

                  a.     Movants' Claims Are Typical of the Claims the Class..........................8

                  b.     Movants Will Adequately Represent the Class .....................................9

      C.     Movants' Choice of Counsel Should Be Approved........................................................10

V.     CONCLUSION.......................................................................................................................10

NOTICE OF MOTION AND MOTION OF RAMIRO PINEDA AND WILLIAM E. FEIT FOR
CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL
OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**Cases**

*Abrams v. Intuitive Surgical, Inc.*,
No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873
(N.D. Cal. Nov. 18, 2013)..................................................................................................2

*Booth v. Strategic Realty Tr., Inc.*,
No. 13-cv-4921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014) .............................7

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ...............................................................................2, 7, 8

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
No. 12-CV-06039-LHK, 2013 U.S. Dist. LEXIS 76416 (N.D. Cal. May 29, 2013) .......................8

*Crawford v. Honig*,
37 F.3d 485 (9th Cir. 1994) ................................................................................................9

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ...........................................................................................8

*Haung v. Acterna Corp.*,
220 F.R.D. 255 (D. Md. 2004)...........................................................................................8

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990)............................................................................................5

*Johnson v. OCZ Tech. Grp.*, No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610
(N.D. Cal. Jan. 4, 2013) ............................................................................................6, 7, 9

*Krieger v. Atheros Commc'ns*,
No. 11-CV-00640-LHK, 2011 U.S. Dist. LEXIS 147521 (N.D. Cal. Dec. 12, 2011) ....................8

*In re Milestone Sci. Sec. Litig.*,
183 F.R.D. 404 (D.N.J. 1998)............................................................................................8

*Mitchell v. Complete Mgmt., Inc.*,
No. 99 Civ. 1454 (DAB), 1999 U.S. Dist. LEXIS 14460 (S.D.N.Y. Sept.17, 1999)......................5

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) .........................................................................................8

*Primavera Familienstiftung v. Askin*,
173 F.R.D. 115 (S.D.N.Y. 1997) ......................................................................................5

*Weiss v. York Hosp.*,
745 F.2d 786 (3d Cir. 1984)...............................................................................................9

NOTICE OF MOTION AND MOTION OF RAMIRO PINEDA AND WILLIAM E. FEIT FOR
CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL
OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

*Weltz v. Lee*,
     199 F.R.D. 129 (S.D.N.Y. Mar. 9, 2001)....................................................................................5

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A).................................................................................................5, 6

15 U.S.C. § 78u-4(a)(3)(B) ..............................................................................................passim

**Rules**

Fed. R. Civ. P. Rule 23 ....................................................................................................passim

Fed. R. Civ. P. Rule 42(a)......................................................................................................5

NOTICE OF MOTION AND MOTION OF RAMIRO PINEDA AND WILLIAM E. FEIT FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

## NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 2, 2020, at 9:00 a.m., or as soon as counsel may be heard, before the Honorable Phyllis J. Hamilton, at the United States District Court for the Northern District of California, Oakland Courthouse, Courtroom 3 - 3rd Floor, 1301 Clay Street, Oakland, California 94612, Ramiro Pineda and William E. Feit (together, "Movants") will and hereby do respectfully move this Court for an Order:  (1) consolidating the above-captioned actions; (2) appointing Movants as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), on behalf of a class consisting of all persons or entities, other than defendants, who purchased or otherwise acquired Fastly, Inc. common stock between May 6, 2020 and August 5, 2020, inclusive; (3) approving Movants' selection of the law firm Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel for the putative class; and (4) granting such other and further relief as the Court may deem just and proper.

This Motion is made on the grounds that Movants believe they are the "most adequate plaintiff" under the PSLRA, and therefore should be appointed Lead Plaintiff.  Specifically, Movants believe that they have the "largest financial interest" in relief sought by the Class and otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure because their claims are typical of other members of the Class and because they will fairly and adequately represent the Class.

This Motion is made and based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Melissa A. Fortunato, the [Proposed] Order Consolidating Actions, Appointing Movants as Lead Plaintiff, and Approving Movants' Selection of BES as Lead Counsel, and such other materials, evidence, and argument as may be presented at or prior to a hearing on the Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Movants Ramiro Pineda and William E. Feit (together, "Movants"), on behalf of themselves and all similarly situated persons and entities, hereby respectfully submit this Memorandum of Points and Authorities in support of their Motion for Consolidation of Actions, Appointment as Lead Plaintiff, and Approval of Selection of Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

## I.    SUMMARY OF ARGUMENT

Presently pending before the Court are the above-captioned securities class action lawsuits[1] brought on behalf of all persons or entities, other that defendants, who purchased or otherwise acquired Fastly, Inc. ("Fastly" or the "Company") common stock between May 6, 2020 and August 5, 2020, inclusive (the "Class Period").  Plaintiffs in the Related Actions allege violations of the Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), as well as U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Fastly, Chief Executive Officer ("CEO") Joshua Bixby ("Bixby"), and Chief Financial Officer Adriel Lares (together, the "Defendants").

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).  Movants lost approximately $70,848.00 using a last-in-first-out ("LIFO") analysis.[2]  *See Abrams v. Intuitive Surgical, Inc.*, No. 5:13-cv-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at *6-7 (N.D. Cal. Nov. 18, 2013) (comparing losses when

---

[1]  The actions are *Betancourt v. Fastly, Inc., et al.*, Case No. 4:20-cv-06024-PJH, filed on August 27, 2020 (the "*Betancourt* Action"), and *Habib v. Fastly, Inc., at al.*, Case No. 4:30-cv-06454-PJH, filed on September 15, 2020 (together, the "Related Actions").

[2]  Signed certifications identifying Ramiro Pineda and William E. Feit's transactions, as required by the PSLRA, as well as a chart calculating their losses, and a joint declaration executed by them evidencing their intention to pursue the Action in a cohesive and collaborative manner, are attached to the accompanying Declaration of Melissa A. Fortunato ("Fortunato Decl." or "Fortunato Declaration"), as Exhibits 1, 2, and 3, respectively.

NOTICE OF MOTION AND MOTION OF RAMIRO PINEDA AND WILLIAM E. FEIT FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

determining largest financial interest and appointing movant with "substantially larger" loss). As Movants have the largest loss and thus the largest financial interest recoverable by the Class,[3] they are the presumptive lead plaintiff in the Related Actions. Moreover, Movants satisfy the requirements of Rule 23 in that their claims are typical of the claims of the Class, and that they will fairly and adequately represent the interests of the Class. As such, Movants meet the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movants respectfully request that they be appointed Lead Plaintiff and their selection of BES be approved as Lead Counsel.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Related Actions should be consolidated pursuant to Federal Rules of Civil Procedure 42(a);

2. Whether the Court should appoint Movants as lead plaintiff under the PSLRA; and

3. Whether the Court should appoint Movants' selection of BES as Lead Counsel for the proposed Class.

## III. FACTUAL BACKGROUND[4]

Headquartered in San Francisco, California, Fastly, is the provider of an edge cloud platform. ¶¶ 2, 13. Fastly's edge cloud platform purportedly enables "customers to create great digital experiences quickly, securely, and reliably by processing, serving, and securing [its] customers' applications as close to their end-users as possible." ¶ 17.

On August 5, 2020, after market close, Fastly held its second quarter ("Q2") 2020 earnings conference call. ¶ 23. During the call, Defendants disclosed that ByteDance, the Chinese company that operates the wildly popular mobile app TikTok, was Fastly's largest customer in Q2 2020, and that TikTok represented about 12% of Fastly's revenue for the six months ended June 30, 2020. *Id*.

---

[3] The "Class" consists of all persons or entities, other than Defendants, who purchased or otherwise acquired Fastly common stock during the Class Period.

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint filed in the *Betancourt* Action on August 27, 2020 (the "Complaint"). ECF No. 1. The facts set forth in the Complaint are incorporated herein by reference.

NOTICE OF MOTION AND MOTION OF RAMIRO PINEDA AND WILLIAM E. FEIT FOR
CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL
OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

This news shocked the market, as TikTok had been under heavy scrutiny by U.S. officials and others since at least late 2019 due to fears that the data it collects from its users could be accessed by the Chinese government.  ¶¶ 20-25.  On July 31, 2020, President Trump announced a plan to ban TikTok in the U.S. over national security concerns. ¶ 22.  As Fastly's CEO, defendant Bixby, admitted in the Q2 2020 earnings call, "[a]ny ban of the TikTok app by the US would create uncertainty around our ability to support this customer[,]" and "the loss of this customer's traffic would have an impact on our business." ¶ 23.

On this news, Fastly's share price fell $19.28, or approximately 17.7% from the previous trading day's closing price of $108.92, to close at $89.64 on August 6, 2020. ¶ 24.  Fastly's shares continued to decline on August 6, 2020, when President Trump issued an executive order effectively banning TikTok, dropping another $10.31 per share from the closing price on August 6, 2020, or approximately 11.5%, to close at $79.33 on August 7, 2020.  ¶¶ 25, 26.

During the Class Period, Defendants knowingly and/or recklessly made false and/or misleading statements about the Company's business, operations, and prospects.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose:  (1) that Fastly's largest customer was ByteDance, operator of TikTok, which was known to have serious security risks and was under intense scrutiny by U.S. officials; (2) that there was a material risk that Fastly's business would be adversely impacted should any adverse actions be taken against ByteDance or TikTok by the U.S. government; and (3) that, as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.  ¶¶ 6, 32.

## IV.    ARGUMENT

### A.    Consolidation of the Related Actions Is Appropriate[5]

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is

---

[5]  A Stipulation and [Proposed] Order to Consolidate Related Cases, Extend Defendants' Time to Answer or Otherwise Respond to the Operate Complaint, Vacate the Initial Case Management Conference, and Reset all Related Deadlines was filed in the *Betancourt* Action on October 22, 2020. ECF No. 28.

NOTICE OF MOTION AND MOTION OF RAMIRO PINEDA AND WILLIAM E. FEIT FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990), *cert. denied*, 498 U.S. 920 (1990)). Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc.*, No. 99 Civ. 1454 (DAB), 1999 U.S. Dist. LEXIS 14460, at *4-5 (S.D.N.Y. Sept.17, 1999) ("In securities actions where the complaints are based on the same public statements and reports consolidation is appropriate if there are common questions of law and fact . . . .") (citation and quotations omitted); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Related Actions here present similar factual and legal issues, as they involve the same subject matter and are based on the same wrongful course of conduct. The Related Actions name the same parties as Defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to the Related Actions. Accordingly, consolidation under Rule 42(a) is appropriate. *Celotex Corp.*, 899 F.2d at 1285.

**B.      The Court Should Appoint Movants as Lead Plaintiff**

**1.      The Procedure Required by the PSLRA**

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment as lead

NOTICE OF MOTION AND MOTION OF RAMIRO PINEDA AND WILLIAM E. FEIT FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Johnson v. OCZ Tech. Grp.*, No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610, at *4 (N.D. Cal. Jan. 4, 2013) (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movants have complied with the procedural prerequisites of the PSLRA and have, what is to the best of their knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as lead plaintiff. Movants are also unaware of any unique defenses against them that Defendants could raise. Therefore, Movants are entitled to the presumption that they are the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Related Actions.

**2.     Movants Satisfy the Lead Plaintiff Provisions of the PSRLA**

As described in further detail below, Movants should be appointed lead plaintiff because they satisfy all of the requirements of the PSLRA. Movants filed a timely motion to be appointed lead plaintiff, hold the largest financial interest in the relief sought by the Class, and satisfy the typicality and adequacy requirements of Rule 23.

### a.    Movants Filed a Timely Motion

On August 27, 2020, plaintiff in the *Betancourt* Action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against the Defendants, and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Action.[6]

Movants reviewed the complaint filed in the *Betancourt* Action and have timely filed their motion within the statutory guidelines. *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *6; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (to be considered as lead plaintiff, person can "either file[] the complaint or [make] a motion in response to a notice").

### b.    Movants Have the Largest Financial Interest in the Relief Sought

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Related Actions.  As demonstrated herein, Movants have the largest known financial interest in the relief sought by the Class.  *See* Fortunato Decl., Ex. 2.  The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff.  *Booth v. Strategic Realty Tr., Inc.*, No. 13-cv-4921-JST, 2014 U.S. Dist. LEXIS 10501, at *3-4 (N.D. Cal. Jan. 27, 2014) (citing  *Cavanaugh*, 306 F.3d at 726-30).

During the Class Period, Movants purchased Fastly common stock in reliance upon the materially false and misleading statements issued by Defendants and were injured thereby.  Movants suffered a substantial loss of approximately $70,848.00.  *See* Fortunato Decl., Ex. 2.  Movants thus have a significant financial interest in the outcome of this case.  To the best of Movants' knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 3.    Movants Meet Rule 23's Typicality and Adequacy Requirements

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of

---

[6] The Notice was published over *Globe Newswire*, a widely-circulated national business-oriented wire service.  A copy of the Notice is attached as Exhibit 4 to the Fortunato Declaration.

NOTICE OF MOTION AND MOTION OF RAMIRO PINEDA AND WILLIAM E. FEIT FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two—typicality and adequacy—are recognized as appropriate for consideration at this stage. *See Cavanaugh*, 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Krieger v. Atheros Commc'ns*, No. 11-CV-00640-LHK, 2011 U.S. Dist. LEXIS 147521, at *8 (N.D. Cal. Dec. 12, 2011). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 732; *see also Haung v. Acterna Corp.*, 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiff.

### a. **Movants' Claims Are Typical of the Claims the Class**

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movants plainly meet the typicality requirement of Rule 23 because: (i) they suffered the same injuries as the absent Class members; (ii) they suffered as a result of the same course of conduct by Defendants; and (iii) their claims are based on the same legal issues. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 U.S. Dist. LEXIS 76416, at *11 (N.D. Cal. May 29, 2013); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the

named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984).

In this case, the typicality requirement is met because Movants' claims are typical, if not identical to, and neither compete nor conflict with the claims of the other Class members. Movants, like the other members of the Class, acquired Fastly securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and were damaged thereby. Thus, Movants' claims are typical, if not identical, to those of the other members of the Class because Movants suffered losses similar to those of other Class members and their losses result from Defendants' common course of wrongful conduct. Accordingly, Movants satisfy the typicality requirement of Rule 23(a)(3).

### b.    Movants Will Adequately Represent the Class

Movants are also an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movants' interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movants' interests and those of the Class, but Movants have a significant and compelling interest in prosecuting the Related Actions based on the large financial losses they suffered as a result of the wrongful conduct alleged in the Related Actions. This motivation, combined with Movants' identical interest with the members of the Class, demonstrates that Movants will vigorously pursue the interests of the Class. *See Johnson*, 2013 U.S. Dist. LEXIS 1610, at *8 (adequacy satisfied where interests are aligned with the class and where movant has compelling interest in resolving action due to heavy losses).

In addition, Movants have retained counsel highly experienced in prosecuting securities class actions and will submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movants will prosecute the Related Actions vigorously on behalf of the Class.

Further, as detailed in Movants' Joint Declaration, Ramiro Pineda and William E. Feit are sophisticated investors with substantial experience investing in capital markets that are committed to managing the Related Actions. Fortunato Decl., Ex. 3 at ¶¶ 3-4. They have committed to providing fair and adequate representation, overseeing counsel, and obtaining the largest possible recovery against all culpable parties consistent with good faith and vigorous advocacy. *Id.* at ¶¶ 9-13. To ensure this litigation is managed effectively, they have agreed to make themselves available for any appearances, depositions, and other necessary meetings to facilitate the prosecution of the Related Actions. *Id.* at ¶ 14.

Accordingly, at this stage of the proceedings, Movants have made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movants have sustained the largest amount of losses from Defendants' alleged wrongdoing, they are, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Related Actions.

### C.      Movants' Choice of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected and retained BES as proposed Lead Counsel for the Class. The members of BES have extensive experience in successfully prosecuting complex securities class actions such as these, and are well-qualified to represent the Class. *See* Fortunato Decl., Ex. 5 (the firm résumé of BES).

### V.      CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court: (1) consolidate the above-captioned actions; (2) appoint Movants as Lead Plaintiff for the Class in the Related Actions;

NOTICE OF MOTION AND MOTION OF RAMIRO PINEDA AND WILLIAM E. FEIT FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

(3) approve BES as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: October 26, 2020

Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

/s/ *Melissa A. Fortunato*
Melissa A. Fortunato (SBN 319767)
Marion C. Passmore (SBN 228474)
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Email: fortunato@bespc.com
        passmore@bespc.com

*Attorneys for Movants and Proposed Lead Counsel for the Class*

NOTICE OF MOTION AND MOTION OF RAMIRO PINEDA AND WILLIAM E. FEIT FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES