ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
   – and –
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re FASTLY, INC. SECURITIES LITIGATION | ) ) ) |
| | ) |
| This Document Relates To: | ) ) |
| ALL ACTIONS. | ) ) ) |

Case No. 4:20-cv-06024-PJH

<u>CLASS ACTION</u>

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL

DATE:       December 2, 2020
TIME:       9:00 a.m.
CTRM:       3, 3rd Floor
JUDGE:      Hon. Phyllis J. Hamilton

4820-9438-9713.v1

## I.      INTRODUCTION

Five movants filed motions seeking consolidation,[1] appointment as lead plaintiff, and approval of selection of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) Andrew R. Zenoff; (2) Ramiro Pineda and William E. Feit; (3) Kalpesh Bhatia; (4) Paul Worland; and (5) Xinhua Wei.  *See* ECF Nos. 42, 48, 36, 30, 29, respectively.  On November 6, 2020, Mr. Wei withdrew his motion.  *See* ECF No. 54.

According to the PSLRA, the Court must appoint as lead plaintiff the "most adequate plaintiff."  15 U.S.C. §78u-4(a)(3)(B)(iii).  In making this determination, the PSLRA instructs courts to adopt a presumption that the "most adequate plaintiff" is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) ("While the words 'most capable' seem to suggest that the district court will engage in a wide-ranging comparison to determine which plaintiff is best suited to represent the class, the statute defines the term much more narrowly: The 'most capable' plaintiff - and hence the lead plaintiff - is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23.").

Based on each movant's submissions, it is apparent that Mr. Zenoff is the "most adequate plaintiff" within the meaning of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), as he suffered losses of over $105,000 – significantly more than any other competing movant – and otherwise meets the "typicality" and "adequacy" requirements of Rule 23 of the Federal Rules of Civil Procedure. Accordingly, because none of the competing movants can trigger the presumption, their motions should be denied.

---

[1]      On October 27, 2020, this Court issued an Order consolidating *Betancourt v. Fastly, Inc.*, No. 4:20-cv-06204-PJH; and *Habib v. Fastly, Inc.*, 4:20-cv-06454-PJH.  *See* ECF No. 53.

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL - 4:20-cv-06024-PJH                    - 1 -
4820-9438-9713.v1

## II.    ARGUMENT

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) that otherwise satisfies the requirements of Rule 23. *See Cavanaugh*, 306 F.3d at 729-30. The Ninth Circuit has noted that in calculating the movants' financial interests, "the court may select accounting methods that are both rational and consistently applied." *Id*. at 730 n.4.

Here, with losses of over $105,000 during the Class Period, Mr. Zenoff clearly has the largest financial interest in the relief sought by the class, no matter how the Court determines the movants' financial interests. Indeed, Mr. Zenoff's losses are more than double the losses of any other individual movant and are nearly as large as all of the competing movants' losses ***combined***. Accordingly, it is clear that Mr. Zenoff has the largest financial interest in the relief sought by the class.

| MOVANT | CLAIMED LOSS |
|---|---|
| ***Mr. Zenoff*** | ***$105,848*** |
| Mr. Pineda<br>Mr. Feit | $41,368<br>$29,480 |
| Mr. Bhatia | $23,132 |
| Mr. Worland | $15,550 |
| ~~Mr. Wei~~ | ~~$2,052~~ |

*See* ECF Nos 43-3; 49-2; 36 at 8; 30-3; 33-3.

In addition to possessing the "largest financial interest" in this litigation, Mr. Zenoff also satisfies the requirements of Rule 23, as required by the PSLRA. *See* ECF No. 42 at 5-7. Mr. Zenoff's claims are "typical" of the claims of the proposed class because, *inter alia*, his claims arise from the same course of conduct by defendants that give rise to the initial plaintiff and other class members' claims and are based on the same legal theories. *Id*. at 5-6. Mr. Zenoff is adequate because, *inter alia*, he is a sophisticated investor that has demonstrated his awareness of his duties as lead plaintiff and class representative under the PSLRA and Rule 23, respectively, as well as his ability and willingness to diligently discharge those duties. *See id*. at 5-6; ECF No. 43-4 (declaration setting forth Mr. Zenoff's background, qualifications, and understanding of the lead plaintiff role).

Furthermore, Mr. Zenoff does not have any interests that are antagonistic to the other class members. *Id*. Rather, Mr. Zenoff has a significant stake in the outcome of this case to ensure vigorous prosecution of the claims here. *Id*. Finally, Mr. Zenoff has retained qualified counsel with considerable experience in prosecuting federal securities class actions. *Id*. at 6-7. Consequently, Mr. Zenoff satisfies the Rule 23 requirements at this stage.

According to the PSLRA, the presumptive lead plaintiff, in this case Mr. Zenoff, "shall" be appointed unless the remaining competing movants submit ***proof*** that Mr. Zenoff will not satisfy the typicality and adequacy requirements of Rule 23(a). *Cavanaugh*, 306 F.3d at 729 n.2. The remaining competing movants cannot submit any proof to rebut the presumption that lies in Mr. Zenoff's favor. Consequently, Mr. Zenoff should be appointed Lead Plaintiff. *Cavanaugh*, 306 F. 3d at 729 (the lead plaintiff "is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23").

Because none of the competing movants have the largest financial interest in the relief sought by the class, their motions should be denied. *Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order ***if and only if*** the presumptive lead plaintiff is found inadequate or atypical.") (emphasis added).[2]

### III.    CONCLUSION

It is axiomatic that the investor with the largest financial interest that satisfies the Rule 23 requirements is entitled to the PSLRA's most adequate plaintiff presumption. The competing movants cannot rebut that presumption as to Mr. Zenoff with exacting proof. As such, Mr. Zenoff's motion (ECF No. 42) should be granted and the competing motions (ECF Nos. 29, 30, 36, 48) should be denied.

---

[2]    Aside from failing to possess the largest financial interest, Mr. Pineda and Mr. Feit appear to be the exact sort of amalgamation of unrelated individuals who have put forth a "conclusory declaration with 'little or no substance,'" and are unable to satisfy Rule 23. *See In re Cloudera, Inc. Sec. Litig*., 2019 WL 6842021, at *7 (N.D. Cal. Dec. 16, 2019) (citation omitted).

DATED: November 9, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT


                            s/ Michael Albert
                          MICHAEL ALBERT

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 9, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Michael Albert
MICHAEL ALBERT

ROBBINS GELLER RUDMAN
&amp; DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  malbert@rgrdlaw.com

4820-9438-9713.v1

# Mailing Information for a Case 4:20-cv-06024-PJH In re FASTLY, INC. SECURITIES LITIGATION

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com,MAlbert@ecf.courtdrive.com

- **Adam Marc Apton**
  aapton@zlk.com

- **Brett Hom De Jarnette**
  bdejarnette@cooley.com,galancr@cooley.com

- **Lubna Faruqi**
  lfaruqi@faruqilaw.com,ecf@faruqilaw.com

- **Janelle Marie Fernandes**
  jfernandes@cooley.com,emadrigal@cooley.com

- **Melissa Ann Fortunato**
  fortunato@bespc.com,ecf@bespc.com

- **Richard W. Gonnello**
  rgonnello@faruqilaw.com,ecf@faruqilaw.com,dbehnke@faruqilaw.com

- **Benjamin Heikali**
  Bheikali@faruqilaw.com,ealdo@faruqilaw.com,rglezakos@faruqilaw.com,ecf@faruqilaw.com,tpeter@faruqilaw.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,tcrockett@pomlaw.com,abarbosa@pomlaw.com

- **Katherine M. Lenahan**
  klenahan@faruqilaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomla

- **Marion Curry Passmore**
  passmore@bespc.com,ecf@bespc.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Jessica Valenzuela Santamaria**
  jsantamaria@cooley.com,galancr@cooley.com

- **Nina M. Varindani**
  nvarindani@faruqilaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)