Melissa A. Fortunato (#319767)
Marion C. Passmore (#228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Email: fortunato@bespc.com
          passmore@bespc.com

*Attorneys for Movants and*
*Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re FASTLY, INC. SECURITIES LITIGATION | Case No. 4:20-cv-06024-PJH<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS AND IN FURTHER SUPPORT OF RAMIRO PINEDA AND WILLIAM E. FEIT'S MOTION FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date:      December 2, 2020<br>Time:     9:00 a.m.<br>Courtroom: 3, 3rd Floor<br>Judge:   Honorable Phyllis J. Hamilton |

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS AND IN FURTHER SUPPORT OF RAMIRO PINEDA AND WILLIAM E. FEIT'S MOTION FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL

# TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT.................................................................................1

II.    BACKGROUND ..................................................................................................1

III.   ARGUMENT ......................................................................................................2

       A.    Pineda and Feit Possess the Largest Financial Interest.............................3

       B.    Pineda and Feit Satisfy the Typicality and Adequacy Requirements ...........4

             1.    Typicality ..............................................................................4

             2.    Adequacy ...............................................................................5

       C.    No Proof Exists to Rebut the Presumption in Favor of Pineda and Feit .......6

       D.    Pineda and Feit's Choice of Counsel Should be Approved..........................7

IV.    COMPETING MOTIONS SHOULD BE DENIED..................................................7

V.     CONCLUSION...................................................................................................7

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS AND IN FURTHER SUPPORT OF RAMIRO PINEDA AND WILLIAM E. FEIT'S MOTION FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Ali v. Intel Corp.*,
No. 18-cv-00507-YGR, 2018 U.S. Dist. LEXIS 89401 (N.D. Cal. May 29, 2018) .........................3

4

*Atanasio v. Tenaris S.A.*,
331 F.R.D. 21 (E.D.N.Y. 2019) ...................................................................................................3

5

6

*Bodri v. GoPro, Inc.*,
No. 16-cv-00232-JST, 2016 U.S. Dist. LEXIS 57559 (N.D. Cal. Apr. 28, 2016); ......................2

7

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ............................................................................................*passim*

8

9

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
No. 12-CV-06039-LHK, 2013 U.S. Dist. LEXIS 76416 (N.D. Cal. May 29, 2013) ....................5

10

*Crawford v. Honig*,
37 F. 3d 485 (9th Cir. 1994) ......................................................................................................4

11

12

*Doherty v. Pivotal Software, Inc.*,
No. 3:19-cv-03589-CRB, 2019 U.S. Dist. LEXIS 195360 (N.D. Cal. Nov. 8, 2019) ...................6

13

*Dura Pharm., Inc. v. Broudo*,
544 U.S. 336 (2005)....................................................................................................................4

14

15

*In re Facebook, Inc.*,
288 F.R.D. 26 (S.D.N.Y. 2012) ..................................................................................................7

16

*Ferreira v. Funko, Inc.*,
2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515
(C.D. Cal. June 11, 2020) ......................................................................................................2, 6

17

18

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ...................................................................................................4

19

20

*Hodges v. Akeena Solar, Inc.*,
263 F.R.D. 528 (N.D. Cal. 2009)...............................................................................................6

21

*Johnson v. OCZ Tech. Grp.*,
No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610 (N.D. Cal. Jan. 4, 2010) ...................4, 5, 6

22

23

*Markette v. Xoma Corp.*,
No. 15-cv-03425-HSG, 2016 U.S. Dist. LEXIS 63701 (N.D. Cal. May 13, 2016) ......................4

24

*Nicolow v. Hewlett Packard Co.*,
No. 12-05980 CRB, 2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4, 2013)..............................2

25

26

*Robb v. Fitbit Inc.*,
No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016) ...........................5

27

*In re Sequans Commc'ns S.A. Sec. Litig.*,
289 F. Supp. 3d 416 (E.D.N.Y. 2018) .......................................................................................6

28

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS
AND IN FURTHER SUPPORT OF RAMIRO PINEDA AND WILLIAM E. FEIT'S MOTION FOR
CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL
OF SELECTION OF LEAD COUNSEL

*Vataj v. Johnson,,*
    No. 19-cv-06996-HSG, 2020 U.S. Dist. LEXIS 21039 (N.D. Cal. Feb. 3, 2020) ........................... 5

*Weiss v. York Hosp.*,
    745 F.2d 786 (3d Cir. 1984) ........................................................................................................ 5

**<u>Statutes</u>**

15 U.S.C. §78u-4(a)(3)(B) ................................................................................................................... 2, 6, 7

**<u>Rules</u>**

Fed. R. Civ. P. 23 ....................................................................................................................... 1, 2, 4, 5

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS
AND IN FURTHER SUPPORT OF RAMIRO PINEDA AND WILLIAM E. FEIT'S MOTION FOR
CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL
OF SELECTION OF LEAD COUNSEL

## I.   PRELIMINARY STATEMENT

Movants Ramiro Pineda ("Pineda") and William E. Feit ("Feit" and together with Pineda, "Movants") respectfully submit this Memorandum in Opposition to Competing Lead Plaintiff Motions and in Further Support of Movants' Motion for Consolidation of Actions[1], Appointment a Lead Plaintiff, and Approval of Selection of Counsel.  ECF Nos. 29, 30, 36, 42.  Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pineda and Feit are presumptively the most adequate lead plaintiff because they have the largest financial interest in the Action (both together and individually) and satisfy the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  As no proof of Movants' inadequacy exists to rebut this presumption, Pineda and Feit must be appointed as lead plaintiff.

## II.   BACKGROUND

On August 27, 2020, plaintiff Marcos Betancourt ("Betancourt") filed a complaint in this District (the "*Betancourt* Action") alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission on behalf of a Class consisting of all persons or entities, other than Defendants, who purchased or otherwise acquired Fastly, Inc. ("Fastly" or the "Company") common stock between May 6, 2020 and August 5, 2020, inclusive (the "Class Period").  Plaintiff Betancourt duly caused a notice to be filed in a widely circulated national business-oriented wire service advising other class members of their right to seek appointment as a representative party.  *See* ECF No. 49-4 (Notice).

On September 15, 2020, Rami Habib commenced a nearly identical action in this District on behalf of the same Class and asserting the same claims against the same Defendants as the *Betancourt* Action.  Both actions allege that, due to a disclosure on August 5, 2020 correcting Fastly's false and misleading statements or omissions, investors were damaged.

---

[1] The consolidation issue was resolved pursuant to this Court's October 27, 2020 order consolidating the related actions (the "Action"), entered after the opening motions for appointment as lead plaintiff. ECF No. 53.

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS AND IN FURTHER SUPPORT OF RAMIRO PINEDA AND WILLIAM E. FEIT'S MOTION FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL

On October 22, 2020, a Stipulation and [Proposed] Order to Consolidate Related Cases, Extend Defendants' Time to Answer or Otherwise Respond to the Operative Complaint, Vacate the Initial Case Management Conference, and Reset all Related Deadlines was filed in the *Betancourt* Action.  ECF No. 28.  The Court so ordered the actions consolidated on October 27, 2020.  ECF No. 53.

On October 26, 2020, Pineda and Feit, and four other movants, filed motions to be appointed Lead Plaintiff in the Action.  As of the date of this filing, the remaining movants are:[2]  (1) Paul Worland ("Worland"), ECF No. 30; (2) Andrew R. Zenoff ("Zenoff"), ECF No. 42; and (2) Pineda and Feit, ECF No. 48.  Pineda and Feit should be appointed as Lead Plaintiff pursuant to the PSLRA because they have the largest financial interest, both together and individually, in the relief sought by the Class and satisfy the typicality and adequacy requirements of Rule 23.  15 U.S.C. §78u-4(a)(3)(B) (iii)(I).

## III.   ARGUMENT

The PSLRA provides that the presumptive lead plaintiff is the plaintiff or group of plaintiffs that has the largest financial interest in the relief sought by the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (courts are to appoint as lead plaintiff the person or group of persons with "the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23.").  Although the statute does not specify the method of loss calculation, most courts look to the largest loss from the class period investments when sales are matched to purchases on a Last-In-First-Out ("LIFO") basis.  *Ferreira v. Funko, Inc.*, 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *13 (C.D. Cal. June 11, 2020); *Bodri v. GoPro, Inc.*, No. 16-cv-00232-JST, 2016 U.S. Dist. LEXIS 57559, at *3 (N.D. Cal. Apr. 28, 2016); *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 U.S. Dist. LEXIS 29876, at *4 (N.D. Cal. Mar. 4, 2013).  Courts in this District have explained that the district court "must compare the financial stakes of the various plaintiffs and then determine which one has the most to gain from the lawsuit.  It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of

---

[2]  Movant Xinhua Wei filed a notice of withdrawal on November 6, 2020 (ECF No. 54); movant and movant Kalpesh Bhatia filed a notice of non-opposition on November 9, 2020 (ECF No. 55).

'typicality' and 'adequacy.'" *Cavanaugh*, 306 F.3d at 730 (emphasis in original). A "straightforward application of the statutory scheme . . . provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case." *Id.* at 732.

### A.  Pineda and Feit Possess the Largest Financial Interest

Movants have triggered the PSLRA's "most adequate plaintiff" presumption. Pineda and Feit have the largest financial interest in this litigation collectively and individually. Both movant Pineda and movant Feit have larger individual LIFO losses than remaining movants Worland and Zenoff, as set forth below.

| Movant | LIFO Losses | DURA LIFO Losses |
|---|---|---|
| 1.  Movants | ($70,848.00) | ($70,848.00) |
| 1.a. Ramiro Pineda | ($41,368.00) | ($41,368.00) |
| 1.b. William E. Feit | ($29,480.00) | ($29,480.00) |
| 2.  Paul Worland | ($15,550.00) | ($15,550.00) |
| 3.  Andrew R. Zenoff | $150,898.16 | ($29,811.59) |

Although Zenoff claimed in his motion to have a loss of $105,000 (*see* ECF No. 42), Zenoff's data claims he sold more shares than he owned—meaning he must have held shares before the Class Period. Taking into account these pre-Class Period purchases, an analysis of his trades shows that he actually had a ***gain*** under the most widely accepted loss calculation method.[3]  *See, e.g.*, *Ali v. Intel Corp.*, No. 18-cv-00507-YGR, 2018 U.S. Dist. LEXIS 89401, at *6 n.7 (N.D. Cal. May 29, 2018) (noting that while there is no endorsed loss calculation methodology, "[t]he weight of authority puts the most emphasis on the competing movants' estimated losses, using a 'last in, first out ('LIFO')' methodology.") (internal quotation and citation omitted); *see also Atanasio v. Tenaris S.A.*, 331 F.R.D. 21, 27 n.5 (E.D.N.Y. 2019) ("[R]ecently, courts have preferred LIFO and have generally rejected FIFO as an appropriate means of calculating losses . . . . The main advantage of LIFO is that, unlike FIFO,

---

[3] *See* Declaration of Melissa A. Fortunato in Support of the Movant's Opposition ("Fortunato Decl.") at Exhibit 1, Loss Calculation Chart for Zenoff.

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS AND IN FURTHER SUPPORT OF RAMIRO PINEDA AND WILLIAM E. FEIT'S MOTION FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL

it takes into account gains that might have accrued to plaintiffs . . . [whereas] FIFO . . . ignores sales occurring during the class period and hence may exaggerate losses."). When stock purchases and sales are correctly matched using the accepted LIFO method of loss calculation and taking into account Zenoff's pre-Class Period holdings, unlike the loss chart calculations submitted with Zenoff's motion for appointment as lead plaintiff (ECF No. 43-3), Zenoff has a total Class Period **gain** of $150,898.16. Even using the alternative Dura LIFO method of loss calculation only increases Zenoff's Class Period losses to $29,811.59. *See* Fortunato Decl., Ex. 1; *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005). Therefore, movant Zenoff could not adequately represent the interests of a Class that had significant losses.

### B.    Pineda and Feit Satisfy the Typicality and Adequacy Requirements

Given that Pineda and Feit have the largest financial interest in the litigation, the Court must now "focus its attention on *that* plaintiff and determine . . . whether he satisfies the requirements of Rule 23." *Cavanaugh*, 306 F.3d at 730. At this stage, the lead plaintiff movant must make only a *prima facie* showing that the adequacy and typicality requirements under Rule 23 have been met. *See Markette v. Xoma Corp.*, No. 15-cv-03425-HSG, 2016 U.S. Dist. LEXIS 63701, at *21 (N.D. Cal. May 13, 2016).

A lead plaintiff's claims are typical of the claims of the class if they purchased artificially inflated securities during the class period while replying on the alleged misrepresentations and suffered losses as a result. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). A lead plaintiff satisfies the adequacy requirement with a preliminary showing that: (1) lead counsel is qualified; (2) there is no conflict between the lead plaintiff and the class; and (3) the lead plaintiff has a sufficient interest to ensure vigorous advocacy. *See Crawford v. Honig*, 37 F. 3d 485, 487 (9th Cir. 1994); *Johnson v. OCZ Tech. Grp.*, No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610, at *4-5 (N.D. Cal. Jan. 4, 2010). Here, Pineda and Feit satisfy both the typicality and adequacy prongs of Rule 23 requiring their appointment as Lead Plaintiff.

### 1.    Typicality

Pineda and Feit satisfy the typicality requirement. Like all members of the Class, Movants: (1) purchased Fastly common stock during the Class Period; (2) at prices artificially inflated by the

false and misleading statements and/or omissions by Defendants; and (3) suffered heavy losses as a result. Because of this, Movants' claims are substantially similar, if not identical, to those of the other members of the Class who purchased Fastly shares during the Class Period and suffered losses from the alleged misconduct on the part of the defendants. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 U.S. Dist. LEXIS 76416, at *11 (N.D. Cal. May 29, 2013); *Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984) (noting that lead plaintiff's claims need not be identical with those of the class to satisfy the typicality requirement).

### 2. Adequacy

Pineda and Feit also readily satisfy the adequacy requirement of Rule 23. Bragar Eagel & Squire, P.C. ("BES"), proposed lead counsel for the Class, is highly experienced in securities class actions such as this and is well qualified to litigate the Action. *See* ECF No. 49-5 (firm résumé of BES). Moreover, Movants have no conflicts with absentee class members and are highly motivated to recover their losses of approximately $70,848.00. *See Johnson*, 2013 U.S. Dist. LEXIS 1610, at *8-9 (adequacy satisfied where interests are aligned with the class and where movant has compelling interest in resolving action due to heavy losses).

In an effort to rebut the presumption in favor of Movants, the competing movants may argue that Pineda and Fein are an inappropriate group of unrelated investors. This argument is without merit. "Courts in the Ninth Circuit often appoint lead plaintiffs consisting of three or more individual investors." *Ferreria*, 2020 U.S. Dist. LEXIS 106515, at *16 ; *see also Vataj v. Johnson*, No. 19-cv-06996-HSG, 2020 U.S. Dist. LEXIS 21039, at *6 n.1 (N.D. Cal. Feb. 3, 2020) (noting groups of unrelated investors may be appointed if the group is small and have demonstrated they can work together); *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *8-9 (appointing a group of four sophisticated investors after they showed their ability to manage the litigation effectively in the interests of the class); *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *4-6 (N.D. Cal. May 10, 2016) (appointing a group of five investors).

Courts often approve groups of unrelated investors as lead plaintiff when the proposed groups submit a joint declaration evidencing their cohesiveness, functioning, and cooperative intentions, such

as the one submitted by Movants here.  (ECF No. 49-3, "Joint Declaration").  *See Johnson*, 2013 U.S. Dist. LEXIS 1610, at \*9 (declarations averring movants "will work together to direct and supervise the activities of counsel to best vindicate the interests of all shareholders"); *Ferreira*, 2020 U.S. Dist. LEXIS 106515, at \*16 (relying on joint declaration detailing plans for cooperation, coordination, and oversight of counsel to find proposed group "capable of performing the lead plaintiff function").

Moreover, both Pineda and Feit individually have the largest individual loss, a factor that weighs heavily in Movants' favor of appointment.  When a member of a proposed group has the largest individual loss, "potential lead plaintiffs are not being deprived of the PSLRA presumption by the aggregation of parties."  *In re Sequans Commc'ns S.A. Sec. Litig.*, 289 F. Supp. 3d 416, 425 (E.D.N.Y. 2018).  In that case, "the adequacy concern should be focused on whether the aggregation is otherwise problematic—if for example, the joinder is of members with competing or diverting interests."  *Id.* at 425; *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 533 (N.D. Cal. 2009) ("Hodges has the greatest financial stake in the litigation of any movant, so it is not necessary for the members of the Akeena Investor Group to aggregate themselves in order to overcome the largest stake requirement—one of its members could meet that requirement by herself.  Accordingly, the Court finds that the members of the Akeena Investor Group are presumptively the most adequate Co–Lead Plaintiffs."); *Doherty v. Pivotal Software, Inc.*, No. 3:19-cv-03589-CRB, 2019 U.S. Dist. LEXIS 195360, at \*16-17 (N.D. Cal. Nov. 8, 2019) (similar).  Movants plainly do not have competing or diverging interests.  They are like-minded investors who incurred significant losses in connection with their purchases of Fastly securities and are motivated to prosecute this action efficiently.

Lastly, the appointment of Movants confers numerous benefits to the class, including, *inter alia*, shared resources, experience and expertise, as well as continuity and stability if a single lead plaintiff is found to lack standing or otherwise found inadequate.  In short, Pineda and Feit are a small cohesive group that will effectively and vigorously advocate to maximize recovery for all members of the Class.

## C.    No Proof Exists to Rebut the Presumption in Favor of Pineda and Feit

Having demonstrated that Pineda and Feit are the presumptive Lead Plaintiff in the Action, that strong presumption can be rebutted only with ***proof*** that the movant with the largest financial interest is atypical or inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 729-30;

*In re Facebook, Inc.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) ("exacting proof" necessary to "rebut the PSLRA's presumption" in favor of most adequate lead plaintiff).  Pineda and Feit have no conflicts with the members of the Class and are motivated to recover the heavy losses they suffered.  Moreover, they are small cohesive group of just two individuals, the presumption in their favor cannot be rebutted.

### D. Pineda and Feit's Choice of Counsel Should be Approved

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court.  15 U.S.C. §78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of lead plaintiff.").

Here, Movants selected BES as Lead Counsel.  As demonstrated in their moving papers (*see* ECF No. 48, at 10), the firm has the resources and expertise to litigate this action efficiently and aggressively.

## IV. COMPETING MOTIONS SHOULD BE DENIED

The competing motions should be denied because Movants have the greatest financial interest in the litigation and should therefore be appointed lead plaintiff without further analysis.

## V. CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court:  (1) appoint Movants as Lead Plaintiff for the Class in the Action; (2) approve BES as Lead Counsel for the Class; and (3) deny the Lead Plaintiff Motion of the competing movant.

DATED: November 9, 2020

Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

/s/ *Melissa A. Fortunato*
Melissa A. Fortunato (SBN 319767)
Marion C. Passmore (SBN 228474)
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Email: fortunato@bespc.com
          passmore@bespc.com

*Attorneys for Movants and Proposed Lead Counsel for the Class*

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS
AND IN FURTHER SUPPORT OF RAMIRO PINEDA AND WILLIAM E. FEIT'S MOTION FOR
CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL
OF SELECTION OF LEAD COUNSEL