Melissa A. Fortunato (#319767)
Marion C. Passmore (#228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Email: fortunato@bespc.com
        passmore@bespc.com

*Attorneys for Movants and*
*Proposed Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re FASTLY, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No. 4:20-cv-06024-PJH<br><br>**CLASS ACTION**<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF RAMIRO PINEDA AND WILLIAM E. FEIT'S MOTION FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date:        December 2, 2020<br>Time:        9:00 a.m.<br>Courtroom:   3, 3rd Floor<br>Judge:       Honorable Phyllis J. Hamilton |

## I.   PRELIMINARY STATEMENT

Movants Ramiro Pineda ("Pineda") and William E. Feit ("Feit" and together with Pineda, "Movants") respectfully submit this Reply Memorandum of Law in Further Support of Movants' Motion for Consolidation of Actions[1], Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel.

Two other competing motions for appointment as lead plaintiff remain before the Court, the motions of movant Paul Worland ("Worland") (ECF No. 30) and movant Andrew R. Zenoff ("Zenoff") (ECF No. 42).  Only Zenoff submitted an opposition to Pineda and Feit's motion.  ECF No. 56.  Zenoff claims in both his opening brief and opposition that he has the largest loss and thus should be appointed lead plaintiff.  Zenoff is wrong.  Zenoff incorrectly calculated his loss, failing to account for pre-class period holdings, with a resulting *gain*, not a loss.  Therefore, Pineda and Feit have the "largest financial interest in the relief sought by the class" (15 U.S.C. § 78u-(a)(3)(B)(iii)(I)), both together and individually, and as they otherwise satisfy the requirements of Rule 23, should be appointment lead plaintiff.

## II.   ARGUMENT

As Zenoff concedes in his opposition, the PSLRA provides that the presumptive lead plaintiff is the plaintiff or group of plaintiffs that has the largest financial interest in the relief sought by the Class.  ECF No. 56 at 1-2.  *See also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (courts are to appoint as lead plaintiff the person or group of persons with "the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23").  Although Zenoff claims to have a loss of $105,848, a closer analysis of his trades reveals that he failed to account for pre-Class Period holdings, selling more shares than he owned.  *See* ECF No. 57 at 3 and ECF No. 57-2.  Under the preferred LIFO method for calculating losses, Zenoff had a *gain of $150,898.16* (*id.*) and therefore does not have the largest financial interest.  As noted by Zenoff, "[t]he statutory process is sequential:  The court must examine lead plaintiffs one at a time, starting with the

---

[1]   The consolidation issue has been resolved by this Court.  ECF No. 53.

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF RAMIRO PINEDA AND WILLIAM E. FEIT'S MOTION FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL

one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical." ECF No. 56 at 3 (citing *Cavanaugh*, 306 F.3d at 732). Pineda and Feit have the "greatest financial interest" with LIFO losses of $70,848 (*see* ECF No. 49-2), losses exceeding Worland by $55,298 and exceeding Zenoff by $221,746.16, and thus are the presumptive lead plaintiff. *See* ECF No. 57 at 3.

With the largest financial loss, the presumption in favor of Pineda and Zenoff can only be rebutted with **proof** of inadequacy or atypicality. *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 U.S. Dist. LEXIS 80141, at *22 (N.D. Cal. June 10, 2014); 15 U.S.C. § 78u-4(a)(30(B)(iii)(II). The only purported "proof" provided by the competing movants is that Pineda and Zenoff are a group. *See* Zenoff opposition, ECF No. 56 at 3 n.2. First, as Pineda and Zenoff alone each have the largest single financial loss, this argument is moot. *See Inchen Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1053 (N.D. Cal. 2017) (disregarding argument against groups as one group individual had largest losses out of all movants) (collecting cases); *Robb v. Fitbit, Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *16 (N.D. Cal. May 10, 2016) (a group member "claims the largest loss of any individual" and "[t]herefore, '[t]his is not a case . . . in which lawyers aggregated plaintiffs in order to overcome the largest stake requirement. Rather, [group member] meets that requirement on his own.'") (quoting *Bruce v. Suntech Power Holdings Co.*, No. 12-4061-RS, 2012 U.S. Dist. LEXIS 167702, at *7 (N.D. Cal. Nov. 13, 2012)).

Second, "[s]mall, cohesive groups. . . are routinely appointed as lead plaintiff in securities actions[.]" *Fusion-io*, 2014 U.S. Dist. LEXIS 80141, at *20-21 (appointing a group of two where "submitted declarations . . . professing the readiness and willingness to serve as a representative party on behalf of the class" claiming they would work together, the type of declarations courts have found "demonstrative of a movant group's adequacy as lead plaintiff"). *See also* Movants' memorandum of law in opposition to the competing lead plaintiff motions (ECF No. 57 at 5-6) (discussing appointment of groups in the Ninth Circuit); *In re Versata, Inc.*, No. C 01-1439 SI, 2001 U.S. Dist. LEXIS 24270, at *19, *23, *26 (N.D. Cal. Aug. 20, 2001) (appointing small group, holding "small groups, whether or not they have any pre-litigation relationship, can aggregate their financial losses," as "[r]equiring a pre-litigation relationship, though appealing in its simplicity, is too rigid" and the group "is what the

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF RAMIRO PINEDA AND WILLIAM E. FEIT'S MOTION FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL

PSLRA contemplated as effective class plaintiffs"); *In re Aqua Metals Sec. Litig.*, No. 17-cv-07142-HSG, 2018 U.S. Dist. LEXIS 86889, at *10-12 (N.D. Cal. May 23, 2018) (stating that the "PSLRA itself permits groups of persons to serve as lead plaintiff" and that "[t]his Court has held that a group of previously-unrelated investors may show that it is an adequate class representative" and appointing group that submitted joint declaration attesting to, among other things, commitment to maximize recovery and vigorously prosecute the action, communicate with each other, and make themselves available for depositions and other necessary meetings or hearings).  Here, like other actions in this District appointing groups as lead plaintiff, Pineda and Feit submitted a joint declaration detailing their substantial experience investing in capital markets (ECF No. 49-3 at ¶¶ 3-4); commitment to providing fair and adequate representation, overseeing counsel, and obtaining the largest possible recovery against all culpable parties consistent with good faith and vigorous advocacy (*id.* at ¶¶ 9-13); commitment to ensuring the litigation is managed effectively and communicating with each other (*id.* at ¶¶ 10, 13); and agreeing to make themselves available for any appearances, depositions, and other necessary meetings to facilitate the prosecution of the action (*id.* at ¶ 14).  For these reasons, Pineda and Feit are an appropriate lead plaintiff group with no proof of inadequacy provided otherwise.

## III.    CONCLUSION

Pineda and Feit have the largest financial interest in the relief sought by the Class and satisfy the requirements of Rule 23.  Accordingly, Pineda and Feit's motion should be granted.

DATED: November 16, 2020

Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

/s/ *Melissa A. Fortunato*
Melissa A. Fortunato (SBN 319767)
Marion C. Passmore (SBN 228474)
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Email: fortunato@bespc.com
            passmore@bespc.com

*Attorneys for Movants and Proposed Lead Counsel for the Class*

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF RAMIRO PINEDA AND WILLIAM E. FEIT'S MOTION FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL