COOLEY LLP
JESSICA VALENZUELA SANTAMARIA (220934) (jvs@cooley.com)
BRETT H. DE JARNETTE (292919) (bdejarnette@cooley.com)
JANELLE M. FERNANDES (322217) (jfernandes@cooley.com)
ANGELICA LEO (334324) (aleo@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:     +1 650 843 5000
Facsimile:     +1 650 849 7400

Attorneys for Defendants
FASTLY, INC., JOSHUA BIXBY,
and ADRIEL LARES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re FASTLY, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS. | Case No. 4:20-cv-06024-PJH<br><br><u>CLASS ACTION</u><br><br>**REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CONSOLIDATED COMPLAINT**<br><br>Date:          November 4, 2021<br>Time:          1:30 pm<br>Judge:         Hon. Phyllis J. Hamilton<br>Courtroom:   3 |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

RJN ISO DEFENDANTS' MTD
PLAINTIFFS' COMPLAINT
4:20-CV-06024-PJH

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT** defendant Fastly, Inc. ("Fastly" or the "Company"), Joshua Bixby, and Adriel Lares (together with Fastly, "Defendants") hereby request that the Court consider under the incorporation by reference doctrine and/or take judicial notice of the exhibits identified below in support of Defendants' concurrently filed Motion to Dismiss Plaintiff's Consolidated Complaint ("Defendants' Motion"). All exhibits are attached to the Declaration of Janelle M. Fernandes in Support of Defendants' Motion ("JMF Declaration"), filed concurrently herewith.[1]

## I.   INTRODUCTION

The Court should consider Exhibits 1-26, listed in **Appendix A** hereto, because they provide the Court with necessary context to determine whether Plaintiff has adequately pled a securities fraud claim. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). As described below, such exhibits are either incorporated by reference into the Complaint or are the proper subjects of judicial notice under Federal Rule of Evidence 201.

## II.   ARGUMENT

Before the Court is Defendants' Motion to Dismiss Plaintiff's Consolidated Complaint asserting claims for securities fraud under Section 10(b) of the Securities Exchange Act of 1934, governed by the Private Securities Litigation Reform Act ("PSLRA"). As the Supreme Court has mandated, in deciding motions to dismiss fraud claims under the PSLRA, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs*, at 322; *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998, 1002 (9th Cir. 2018) (quoting same). Accordingly, it is appropriate – indeed, required – for the Court to consider Exhibits 3-8 and 10-23 which have been incorporated by reference in the Complaint.[2] These exhibits include Fastly's filings with the Securities and Exchange Commission ("SEC"), transcripts of earnings calls and investor

---

[1] Some of the longer exhibits attached to the JMF Declaration have been excerpted and highlighted for the Court's convenience. All "¶ __" references are to paragraph numbers in the Complaint. (ECF No. 68.) All emphasis is added, unless otherwise noted.

[2] In addition to being incorporated by reference, these twenty documents referenced in the Complaint are *also* properly the subject of judicial notice. (*See, infra* at Section II(C).)

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1

**RJN ISO DEFENDANTS' MTD
PLAINTIFF'S COMPLAINT
4:20-CV-06024-PJH**

presentations, an analyst report, and published articles. The Court should also take judicial notice of Exhibits 1, 2, 9, 24-26, which include Fastly's filings with the SEC, SEC Form 4s filed by Bixby and Lares, published articles, and information on a U.S. government website.

### A.    The Court Must Consider Documents Incorporated by Reference into the Complaint (Exhibits 3-8, 10-23)

The incorporation by reference doctrine "treats certain documents as though they are part of the complaint itself." *Orexigen*, 899 F.3d at 1002. A document may be incorporated by reference into a complaint "if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). "'Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents.'" *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (quoting *City of Roseville Emps.' Ret. Sys. v. Sterling Fin Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013)). The reason for this rule is well-settled: "to prevent plaintiffs from highlighting only the portions of certain documents that support their claims, while omitting portions of those documents that weaken their claims." *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 905 (N.D. Cal. 2019); *see also Orexigen*, 899 F.3d at 1003 ("[T]he incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs[.]"). For this reason and the reasons discussed below, in ruling on Defendants' Motion, the Court should consider Exhibits 3-8 and 10-23 under the incorporation by reference doctrine.

### 1.    The Documents Containing the Alleged False and Misleading Statements and the Alleged Corrective Disclosures Are Incorporated by Reference into the Complaint (Exhibits 6-8, 12, 13, 16-19).

Plaintiff claims that Defendants concealed (1) that regulatory scrutiny surrounding ByteDance, the operator of TikTok and Fastly's alleged largest customer in Q1 2020, posed major risks to Fastly's revenue and (2) that Defendants had no reasonable basis to believe that Fastly would be able to replace TikTok's lost traffic. (¶ 134.) Plaintiff claims that these alleged omissions rendered other statements false or misleading. The sources of these alleged false or misleading statements, as well as alleged corrective disclosures, unequivocally "form the basis of [Plaintiff's]

Cooley LLP
Attorneys at Law
Palo Alto

2

RJN ISO Defendants' MTD
Plaintiff's Complaint
4:20-cv-06024-PJH

claims." *See Orexigen*, 899 F.3d at 1004-05 (documents containing alleged misrepresentations and corrective disclosures form the basis of a Section 10(b) claim and are incorporated by reference); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020) (same); *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (same).  The Complaint alleges that Fastly's SEC filings (Exhibits 6, 8, 12, 16) and transcripts of Fastly's earnings calls and conferences (Exhibits 7, 13, 17, 18) are the sources of "Defendants' False and Misleading Statements," and those exhibits are accordingly incorporated by reference into the Complaint.  (*See* Appendix A; Compl. at Sections V, V(A), V(B), V(C), V(D), V(E), V(F), V(G).)  It is crucial that the Court consider these documents in their entirety when ruling on Defendants' Motion because the alleged false or misleading statements "must be analyzed in context."  *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1405 n.4, 1408-09 (9th Cir. 1996).

Further, Plaintiff alleges that quotes from Exhibit 19, Fastly's Form 8-K filed on October 14, 2020, preannouncing its revenue guidance miss, revealed the "truth" to investors.  (*See* ¶¶ 97, 98, 134-41.)  Accordingly, Exhibit 19 is incorporated into the Complaint.  *Apple*, 2020 WL 2857397, at *5; *GoPro,* 2019 WL 1231175, at *6 (incorporating by reference the documents that plaintiffs contended "revealed the truth after the misleading statements").

### 2. Exhibits 3-5, 10, 11, 14, 15, and 20-23 Are Also Incorporated by Reference.

Exhibits 3-5, 10, 11, 14, 15, and 20-23, which consist of published articles, an analyst report, Fastly's SEC filings, and President Trump's August 6, 2020 Executive Order, are incorporated by reference into the Complaint because they are either extensively referenced or form the basis of Plaintiff's claims. *Orexigen*, 899 F.3d at 1003.  A single cite may be "extensive" if it is "relatively lengthy."  *Id.*  In fact, even if a particular document is not explicitly referenced in the Complaint, it can be incorporated by reference if it is "integral" to the Complaint.  *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1165 (N.D. Cal. 2019) ("[A] document may be incorporated even if it is never referenced directly in the complaint if the claim necessarily depended on the document.").  Further, documents a plaintiff relies on to allege why challenged statements are misleading form the basis of a plaintiff's claims, and are therefore incorporated by

Cooley LLP
Attorneys at Law
Palo Alto

3

RJN ISO Defendants' MTD
Plaintiff's Complaint
4:20-cv-06024-PJH

reference. *See Mulquin v. Nektar Therapeutics*, 2020 WL 7773580, at *6 (N.D. Cal. Dec. 30, 2020) ("Given Plaintiffs' extensive reliance on this document to detail the bases for the alleged falsity in Defendants' statements, the Court finds it incorporated by reference.").

**Published Articles (Exhibits 3, 4, 10, 11, 14, and 23).** Plaintiff claims that Defendants made false or misleading statements in May and June 2020 by not disclosing TikTok as a major customer, which supposedly faced a risk of a ban in the U.S. (*See* ¶¶ 62, 70, 72.) To support such allegations, Plaintiff spends fourteen paragraphs (almost six pages) relying almost exclusively on articles, including Exhibits 3, 4, 10, 11, 14, and 23, discussing the political tension between the U.S. and China, as well as the regulatory scrutiny facing TikTok. (*See* ¶¶ 17-31.) Plaintiff relies on these exhibits in an attempt to substantiate the claim that "TikTok posed a significant material risk to Fastly's revenues by the start of the Class Period." (¶¶ 62, 70, 72; *see also* ¶¶ 18, 27, 29.) Accordingly, these exhibits form the basis for Plaintiff's claims that Defendants purportedly failed to disclose material information to investors.

Moreover, Plaintiff relies upon these exhibits in an (unsuccessful) attempt to plead scienter. Plaintiff dedicates three paragraphs (an *entire* sub-section of the Complaint's scienter section) to "media reports published before and during the Class Period concerning the U.S. government's investigation and banning of TikTok," claiming that these articles and other "national headlines" allegedly illustrate that "Defendants would have been alerted to growing threats to TikTok's business and, in turn, to Fastly's TikTok-derived revenues." (¶ 119; *see also* Complaint at Section VII(C).) As such, Exhibits 3, 4, 10, 11, 14, and 23 also form the basis of Plaintiff's claims. *See Smith v. NetApp, Inc.*, 2021 WL 1233354, at *3 (N.D. Cal. Feb. 1, 2021) (incorporating by reference call transcript that Plaintiff relied on "to establish that Defendants knew of macroeconomic effects on their business" when they made allegedly false or misleading statements).

**Analyst Report (Exhibit 21).** Plaintiff spends four paragraphs quoting Exhibit 21, an October 22, 2020 analyst report published by Piper Sandler, to purportedly substantiate the alleged falsity of Defendants' August statements regarding TikTok's traffic and Defendants' belief that they would be able to backfill any lost traffic. (*See* ¶¶ 80, 82, 90, 96, 104-05, 113-14.) He relies on this exhibit to allege that, as of August 6, 2020, "TikTok was already moving traffic off of

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4

RJN ISO DEFENDANTS' MTD
PLAINTIFF'S COMPLAINT
4:20-CV-06024-PJH

Fastly's platform to other non-U.S. CDNs due to the investigations and bans TikTok was experiencing in the U.S.," which allegedly resulted in Defendants having "no reasonable basis to expect . . . Fastly to meet its 3Q and FY 2020 guidance." (¶ 80; *see also* ¶¶ 82, 90, 96; 104-05, 114.) Accordingly, Exhibit 21 forms the basis of Plaintiff's falsity claims and is therefore incorporated by reference.

**Fastly's Form 10-K for 2019 (Exhibit 5).** Plaintiff also relies on Fastly's Form 10-K for fiscal year 2019 (Exhibit 5) to illustrate the importance of Fastly's enterprise customers to substantiate the claim that TikTok's usage was rapidly increasing and "of [c]entral [i]mportance to Fastly's [o]perations," and therefore allegedly material. (*See* ¶¶ 12, 114; *see also* ¶¶ 136, 151.) Plaintiff's reliance on Exhibit 5 in four separate paragraphs throughout the Complaint further supports that it should be incorporated by reference.[3] (*See* ¶¶ 12, 114; 136, 151.)

**Executive Order (Exhibit 15).** As discussed above, Plaintiff's claims are dependent on the regulatory scrutiny surrounding TikTok and President Trump's eventual attempt to ban TikTok. Accordingly, Plaintiff's claims necessarily depend on the August 6, 2020 Executive Order (Exhibit 15) purporting to ban TikTok, the importance of which is made clear given the Executive Order is mentioned in at least seven paragraphs throughout the Complaint. (¶¶ 29, 36, 83, 87, 113, 120, 138.) The Executive Order, therefore, is incorporated by reference and should be considered in ruling on Defendants' Motion.

**Fastly's S-3 Registration Statement (Exhibit 20).** Plaintiff also relies on Fastly's Form S-3 Registration Statement (Exhibit 20) filed in connection with its acquisition of Signal Sciences. Specifically, Plaintiff uses Exhibit 20 in support of his allegation that Fastly had motivation to artificially inflate its stock price to acquire Signal Sciences on more favorable terms. (¶¶ 106, 127-28; *see also* ¶¶ 97.) As the S-3 is extensively referenced and forms the basis for Plaintiff's allegation of scienter, it is incorporated by reference. (*Id.*)

---

[3] Plaintiff quotes "only portions of [this] document[] that support [his] claims, while omitting portions of th[is] very document[ ] that weaken" them. *Orexigen*, 899 F.3d at 1002. Indeed, Plaintiff cites Exhibit 5, multiple times to contend that TikTok materially contributed to Fastly's revenues. (¶¶ 12, 114, 136, 151). Yet, he omits Fastly's warnings of the very risk Plaintiff alleges was not disclosed—regulatory scrutiny of its customers, specifically those in China, which represented up to 30% of Fastly's revenue. (Exhibit 5 at 20, 27.) This selective quoting is precisely what the incorporation by reference doctrine is designed to prevent. *Orexigen*, 899 F.3d at 1002.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5

RJN ISO DEFENDANTS' MTD
PLAINTIFF'S COMPLAINT
4:20-CV-06024-PJH

**Fastly's form 8-K filed October 28, 2020 (Exhibit 22).** Plaintiff relies on Exhibit 22 to show Fastly's third quarter revenue results and that Fastly reduced 2020 revenue guidance. (¶¶ 107-08.) These allegations support Plaintiff's claim that "Defendants had no reasonable basis to expect and, in fact, did not expect, Fastly to meet its 3Q20 and FY2020 guidance" (*see* ¶ 82) and that Fastly "lowered the 3Q20 revenue guidance and withdrew all other guidance, all due to a reduction in usage and revenue from TikTok." (¶ 106.) As such, Exhibit 22 forms the basis of Plaintiff's falsity allegations and is properly incorporated by reference.

### B. The Court May Take Judicial Notice of Exhibits 1, 2, 9, and 24-26.

As discussed above, twenty of Defendants' twenty-six exhibits are incorporated by reference in the Complaint. The Court may also consider the remaining six exhibits because they are the proper subjects of judicial notice. Federal Rule of Evidence 201 authorizes a court to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Distinct from the doctrine of incorporation by reference (which, as set forth above, is a sufficient basis for the Court to consider Exhibits 3-8 and 10-23), judicial notice extends to "matters of public record ***outside*** the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820-21 (C.D. Cal. 1998) (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). Courts may take judicial notice of "publicly available financial documents[,] such as SEC filings[,]" and "publicly available articles or other news releases of which the market was aware." *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (courts may consider "any matter subject to judicial notice, such as SEC filings" on a motion to dismiss); *Apple*, 2020 WL 2857397, at *6.

**Published Articles (Exhibits 1 and 2).** Courts routinely take judicial notice of published articles to show that the market was aware of certain information contained in those articles. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information contained in news articles submitted by the defendants"); *see also In re Kalobios Pharm., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003 (N.D. Cal.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6

RJN ISO DEFENDANTS' MTD
PLAINTIFF'S COMPLAINT
4:20-CV-06024-PJH

2017) ("Judicial notice of news articles may be appropriate in securities fraud cases to show 'that the market was aware of the information contained in news articles.'").

Here, Defendants ask the Court to take judicial notice of Exhibit 1, an article published by the Associated Press, and Exhibit 2, an article published by The New York Times. Both of these exhibits are published articles from credible sources. They are offered to show what information was in the public realm regarding the alleged regulatory scrutiny surrounding TikTok, including the Committee on Foreign Investment in the United States ("CFIUS") investigation into TikTok, prior to and during the Class Period. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (judicial notice is appropriate to "indicate what was in the public realm at the time, not whether the contents of those [documents] were in fact true.") (citation omitted)); *Kalobios*, 258 F. Supp. 3d at 1004 (granting judicial notice of "articles . . . which include publications by credible and mainstream sources like The New York Times, Forbes and Newsweek").

**SEC Filings (Exhibits 24-26).** Defendants seek judicial notice of Fastly's Form 8-K filed with the SEC on February 17, 2021 (Exhibit 24), and compilations of Form 4 filings by each of the individual defendants during the Class Period (Exhibits 25 and 26). Judicial notice of these exhibits is proper. "Courts routinely take judicial notice of SEC filings in securities cases where authenticity is not disputed because their accuracy cannot reasonably be questioned." *Apple*, 2020 WL 2857397, at *6; *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (noting that judicial notice of SEC filings is "proper"); *In re Rackable Sys., Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) ("SEC filings may be judicially noticed."); *Dreiling.*, 458 F.3d at 946 n.2 (noting SEC filings proper subject of judicial notice); *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003) (the court "may properly take judicial notice of SEC filings"). *Glenbrook Capital Ltd. P'ship v. Kuo*, 525 F.Supp.2d 1130, 1137 (N.D. Cal. 2007) (taking judicial notice of Form 8-K).

Here, Defendants offer Exhibit 24 (Fastly's Form 8-K) to show Fastly's reported results for 2020. Data in SEC filings, such as financials, are "not subject to reasonable dispute" and are therefore the proper subjects of judicial notice. *Peter Strojnik, P.C. v. Energy Bull*, 2008 WL

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

7

RJN ISO DEFENDANTS' MTD
PLAINTIFF'S COMPLAINT
4:20-CV-06024-PJH

11450579, at *3 (D.Ariz., 2008) (finding financial data in SEC filing are not subject to reasonable dispute and are therefore judicially noticeable); *see also In re Extreme Networks, Inc. S'holder Derivative Litig.*, 573 F. Supp. 2d 1228, 1232 (N.D. Cal. 2008). Exhibit 24 is judicially noticeable.

With respect to the Form 4s (Exhibits 25 and 26), judicial notice is particularly appropriate, as Plaintiff relies on the Individual Defendants' stock sales to plead scienter. (*See* ¶ 129-33.) Taking judicial notice of these exhibits is "congruent with the requirement that [the court] consider plausible nonculpable explanations for the defendants conduct when assessing scienter." *Azar v. Yelp, Inc.*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018) (granting judicial notice of Form 4s "given Plaintiffs' reliance on [individual defendant's] stock sales to plead scienter"); *see also In re Leapfrog Enter., Inc. Sec. Litig.*, 237 F. Supp. 3d 943, 952-53 (N.D. Cal. 2017); *GoPro*, 2019 WL 1231175, at *7 (taking judicial notice of exhibits "for the purposes of showing that [defendants] had nondiscretionary 10b5-1 stock sales plans"). Indeed, as in *GoPro*, Defendants seek judicial notice of Exhibits 25 and 26 to show that the Individual Defendants' stock sales cited in the Complaint were either made pursuant to 10b5-1 plans or to satisfy tax obligations.

**Government Report (Exhibit 9).** Defendants seek judicial notice of Exhibit 9, an official government report by CFIUS, a governmental entity, that is publicly available on the U.S. Department of Treasury's website and not subject to reasonable dispute. Courts may take judicial notice of public records and other governmental documents that may be found on a government website or elsewhere on the Internet. *See L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 937-38 (C.D. Cal. 2011) ("[J]ust as public records and government documents are generally considered 'not to be subject to reasonable dispute,' so too does this include public records and government documents available from reliable sources on the Internet.") (citation omitted). Similarly, information available on a government website is judicially noticeable. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (information on school district's website, made publicly available by a government entity, was judicially noticeable).

Because the CFIUS report is a government publication and is available publicly on the U.S. Department of Treasury's website, the Court may take judicial notice of it. *See Stoyas v. Toshiba Corp.*, 896 F.3d 933, 946 (9th Cir. 2018) (taking judicial notice of government-published

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

8

RJN ISO DEFENDANTS' MTD
PLAINTIFF'S COMPLAINT
4:20-CV-06024-PJH

information); *City & Cty. of San Francisco v. Sessions*, 372 F. Supp. 3d 928, 937 n.1 (N.D. Cal. 2019) (noting that "Government records such as letters, memos, bulletins, or other reports or statements of public record are judicially noticeable.").

### C.   The Court May Also Take Judicial Notice of the Documents Incorporated By Reference Into the Complaint

As discussed above, Exhibits 3-8 and 10-23 are properly incorporated by reference into the Complaint.  (*See supra,* Section II(A).)  Nevertheless, even if the Court finds that any of these exhibits are not incorporated by reference (they are), the Court may still consider them because they are the proper subjects of judicial notice.

**SEC Filings (Exhibits 5, 6, 8, 12, 16, 19, 20, 22).**  As discussed above, courts routinely take judicial notice of a company's SEC filings.  (*See supra,* at 3-5.)  Exhibits 5, 6, 8, 12, 16, 19, 20, 22 include Fastly's Forms 10-K, 10-Q, and 8-K filed with the SEC and are judicially noticeable.

**Analyst Report and Published Articles (Exhibits 3, 4, 10, 11, 14, 21, 23).**  Exhibits 3, 4, 10, 11, 14, and 23 consist of published articles, all of which are subject to judicial notice.  As discussed above, courts may take judicial notice of published articles to show what was in the public realm and that the market was aware of the information contained in the articles.  (*See supra,* at 4.) These Exhibits are true and correct copies of published articles offered to illustrate was in the public realm throughout (and after) the class period regarding the CFIUS investigation into TikTok, regulatory scrutiny surrounding TikTok, President Trump's dealings with TikTok, as well as the corresponding discussion and statements by analysts and article authors made in reaction to such events and disclosures.  As such, these exhibits are the properly subject to judicial notice.

Further, Defendants also seek judicial notice of Exhibit 21, a report published by Piper Sandler, to show the source of Plaintiff's allegations that TikTok purportedly accelerated its own development of its content delivery network ("CDN") and to illustrate the information available and being discussed by the market about the timing of TikTok's development of its own CDN. Courts "routinely take judicial notice of analyst reports," not for the truth of the matter, but to determine what the market was aware of and "what was or was not discussed in the public realm." *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011);

CooLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9

**RJN ISO DEFENDANTS' MTD
PLAINTIFF'S COMPLAINT
4:20-CV-06024-PJH**

*Apple*, 2020 WL 2857397, at *6 (taking judicial notice of analyst reports for the purpose of showing "whether and when certain information was provided to the market"); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 2013 WL 6441843, at *5 (N.D. Cal. Dec. 9, 2013) (taking judicial notice of analyst reports).

**Earnings Calls and Conference Transcripts (Exhibits 7, 13, 17, 18).**  The Court may also take judicial notice of publicly available transcripts of earnings calls and conferences and presentations. *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019) (judicial notice appropriate for publicly available transcripts of conference calls); *see also In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979-80 (N.D. Cal. 2010); *Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231, 1243 (N.D. Cal. 1998); *Rackable Sys.*, 2010 WL 3447857, at *3.

Exhibits 7, 13, 17, 18 consist of transcripts from Fastly's earnings calls and presentations at industry conferences, all of which are judicially noticeable.  The Court may consider these documents under the judicial notice doctrine because they "indicate what was in the public realm at the time," including Defendants' publicly expressed beliefs. *Von Saher*, 592 F.3d at 960.

**Government Documents (Exhibit 15).**  President Trump's August 6, 2020 Executive Order (Exhibit 15) is subject to judicial notice "as a matter of public record." *S.A. v. Trump*, 363 F. Supp. 3d 1048, 1061 n.36 (N.D. Cal. 2018) (granting judicial notice of an Executive Order).

### III.   CONCLUSION

For the reasons stated above, Defendants respectfully ask that the Court take judicial notice of and/or find that the requested documents are incorporated into the Complaint.

Dated: June 11, 2021

COOLEY LLP
JESSICA VALENZUELA SANTAMARIA
BRETT H. DE JARNETTE
JANELLE M. FERNANDES
ANGELICA LEO

By: */s/ Jessica Valenzuela Santamaria*
    Jessica Valenzuela Santamaria

Attorneys for Defendants
FASTLY, INC., JOSHUA BIXBY, and
ADRIEL LARES

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10

RJN ISO DEFENDANTS' MTD
PLAINTIFF'S COMPLAINT
4:20-CV-06024-PJH

**Appendix A[4]**

| Ex. | Description | Basis | ¶ |
|---|---|---|---|
| 1 | Article written by Zeke Miller titled *Powerful, Obscure Law Is Basis For Trump 'Order' On Trade*, published by the Associated Press on August 25, 2019 | JN | N/A |
| 2 | Article written by Alan Rappeport & Ana Swanson titled *White House Weighs Blocking Chinese Companies From U.S. Exchanges,* published by The New York Times on September 27, 2019 | JN | N/A |
| 3 | Article written by Tony Romm & Drew Harwell titled *Marco Rubio Seeks U.S. Government Probe Of TikTok Over Chinese Censorship Concerns,* published by The Washington Post on October 9, 2019 | IBR, JN | 18 |
| 4 | Article written by Geoffrey Gertz titled *Is TikTok A Threat To National Security?*, published by The Washington Post on November 11, 2019 | IBR, JN | 21 |
| 5 | Excerpt of Fastly's Form 10-K for fiscal year 2019, filed with the SEC on March 4, 2020 | IBR, JN | 12, 114, 136, 151 |
| 6 | Fastly's Form 8-K and attached Shareholder Letter for the quarter ended March 31, 2020, filed with the SEC on May 6, 2020 | IBR, JN | 52-56 |
| 7 | Transcript of Fastly's Earnings Call for the first fiscal quarter of 2020 on May 6, 2020, published by S&P Global Market Intelligence | IBR, JN | 57-61 |
| 8 | Excerpt of Fastly's Form 10-Q for the quarter ended March 31, 2020, filed with the SEC on May 8, 2020 | IBR, JN | 33-34, 63-69, 124 |
| 9 | Excerpt of the *Committee on Foreign Investment in the United States Annual Report to Congress for Report Period: CY 2019*, issued in July 2020 | JN | N/A |
| 10 | Article written by Timothy Bella titled *Pompeo Says U.S. 'Certainly Looking At' Banning TikTok And Other Chinese Apps,* published by The Washington Post on July 7, 2020 | IBR, JN | 27 |
| 11 | Article written by Naeem Aslam titled *Trump: TikTok Will Be Banned If Not Sold By September 15. Can Microsoft Be The Only Bidder?,* published by Forbes on August 3, 2020 | IBR, JN | 29 |
| 12 | Fastly's Form 8-K and attached Shareholder Letter for the quarter ended June 30, 2020, filed with the SEC on August 5, 2020 | IBR, JN | 79, 116 |

---

[4] "Exhibit" refers to the exhibits to the JMF Declaration. "Basis" refers to the reason the document should be considered: either incorporated by reference ("IBR") or judicial notice ("JN"). "¶¶" refers to the paragraphs of the Complaint that cite or reference the document.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1

**RJN ISO DEFENDANTS' MTD
PLAINTIFF'S COMPLAINT
4:20-CV-06024-PJH**

| Ex. | Description | Basis | ¶ |
|---|---|---|---|
| 13 | Transcript of Fastly's Earnings Call for the second fiscal quarter of 2020 on August 5, 2020, published by S&P Global Market Intelligence | IBR, JN | 5, 35, 38, 73-79, 117, 136 |
| 14 | Article written by Tali Arbel titled *Trump Bans Dealings With Chinese Owners Of TikTok, Wechat,* published by the Associated Press on August 6, 2020 | IBR, JN | 29 |
| 15 | Executive Order No. 13942, 85 CFR 48637 of August 6, 2020, titled *Addressing the Treat Posed by TikTok, and Taking Additional Steps to Address the National Emergency With Respect to the Information and Communications Technology and Services Supply Chain* | IBR, JN | 29, 36, 138 |
| 16 | Excerpt of Fastly's Form 10-Q for the quarterly period ended June 30, 2020, filed with the SEC on August 7, 2020 | IBR, JN | 83-89, 114-15 |
| 17 | Transcript of Fastly's presentation at the Oppenheimer 23rd Annual Technology, Internet & Communications Conference on August 11, 2020, published by S&P Global Market Intelligence | IBR, JN | 91-92 |
| 18 | Transcript of Fastly's presentation at the KeyBanc Capital Markets Future Of Technology Series on August 12, 2020, published by S&P Global Market Intelligence | IBR, JN | 93-95 |
| 19 | Fastly's Form 8-K attached press release titled *Fastly Provides Preliminary Third Quarter Revenue Results*, filed with the SEC on October 14, 2020 | IBR, JN | 41, 97-98, 140 |
| 20 | Excerpt of Fastly's Form S-3 Registration Statement, filed with the SEC on October 15, 2020 | IBR, JN | 106 |
| 21 | Analyst Report titled *Downgrading To UW: Challenging Dynamics A Tough "Byte" To Swallow,* published by Piper Sandler on October 22, 2020 | IBR, JN | 104-05, 114, 141 |
| 22 | Fastly's Form 8-K and attached Shareholder Letter for the quarter ended September 30, 2020, filed with the SEC on October 28, 2020 | IBR, JN | 107-08 |
| 23 | Article written by Dan Rayburn titled *An Update On TikTok's DIY CDN Strategy And The Impact On Third-Party CDNs,* published by Seeking Alpha on February 10, 2021 | IBR, JN | 38, 113 |
| 24 | Fastly's Form 8-K and attached Shareholder Letter for the quarter and full year ended December 31, 2020, filed with the SEC on February 17, 2021 | JN | N/A |
| 25 | Form 4 Statements of Changes in Beneficial Ownership for Joshua Bixby reporting transactions from May 6, 2020 to October 14, 2020 | JN | N/A |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2

RJN ISO DEFENDANTS' MTD
PLAINTIFF'S COMPLAINT
4:20-CV-06024-PJH

| Ex. | Description | Basis | ¶ |
|---|---|---|---|
| 26 | Form 4 Statements of Changes in Beneficial Ownership for Adriel Lares reporting transactions from May 6, 2020 to October 14, 2020 | JN | N/A |

251821041

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

**RJN ISO DEFENDANTS' MTD**
**PLAINTIFF'S COMPLAINT**
**4:20-CV-06024-PJH**