ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
  – and –
LAURIE L. LARGENT (153493)
CAROLINE M. ROBERT (254293)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
llargent@rgrdlaw.com
crobert@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re FASTLY, INC. SECURITIES LITIGATION | ) ) ) ) |
| | ) |
| This Document Relates To: | ) ) |
| ALL ACTIONS. | ) ) ) |
| | ) |

Case No. 4:20-cv-06024-PJH

<u>CLASS ACTION</u>

LEAD PLAINTIFF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CONSOLIDATED COMPLAINT

Date:  November 4, 2021
Time:  1:30 p.m.
Judge:  Hon. Phyllis J. Hamilton
Courtroom:  3

4845-1824-7411.v1

Plaintiff[1] submits this opposition to Defendants' Request for Judicial Notice and Incorporation by Reference in Support of Defendants' Motion to Dismiss Plaintiff's Consolidated Complaint (ECF No. 71) ("RJN"), filed concurrently with Defendants' Motion to Dismiss Plaintiff's Consolidated Complaint (ECF No. 70) ("Mot." or "Motion").

## I.   INTRODUCTION

Defendants request that the Court incorporate by reference or take judicial notice of 26 exhibits in support of their Motion.  Judicial notice and the incorporation-by-reference doctrine have support when properly used, however, the Ninth Circuit has cautioned that the "overuse and improper application of [these doctrines] can lead to unintended and harmful results."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).[2]  In *Khoja*, the Ninth Circuit specifically warned that defendants may "exploit[] these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage" by "pil[ing] on numerous documents to their motions to dismiss to undermine the complaint" and presenting their own version of the facts.  *Id.* at 998-99.

Under the doctrine of incorporation by reference, Plaintiff does not object to judicial notice, for the limited purpose of identifying the contents of Exhibits 3-8 and 10-23, however, the Court should reject Defendants' efforts to use these doctrines to improperly decide disputed questions of fact critical to the well pled Consolidated Complaint for Violation of the Federal Securities Laws (ECF No. 68) (the "Complaint").[3]  Also, Plaintiff does not oppose judicial notice for Exhibits 1 and 2.  The remaining Exhibits, 9 and 24-26, however, are not referenced in the Complaint and as discussed below are inappropriate for judicial notice under Federal Rule of Evidence 201.

---

[1]   "Plaintiff" is Lead Plaintiff Andrew Zenoff.  "Defendants" are Fastly, Inc. ("Fastly"), Joshua Bixby ("Bixby") and Adriel Lares ("Lares").

[2]   All citations and footnotes omitted and emphasis added unless otherwise indicated.

[3]   "Exhibit" references are to the exhibits identified in the Declaration of Janelle M. Fernandes in Support of Defendants' Motion to Dismiss Plaintiff's Consolidated Complaint (ECF No. 70-1).

LEAD PLAINTIFF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CONSOLIDATED COMPLAINT - 4:20-cv-06024-PJH                                                      - 1 -
4845-1824-7411.v1

## II.    LEGAL STANDARD APPLICABLE TO A REQUEST FOR JUDICIAL NOTICE

Generally, courts "'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  There are two limited exceptions to this rule: the incorporation-by-reference doctrine and judicial notice under Rule 201 of the Federal Rules of Evidence.  *Khoja*, 899 F.3d at 998.

Incorporation by reference is a "judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Id.* at 1002.  A document may only be incorporated by reference if "'the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Id*.  This doctrine prevents plaintiffs from only selecting "portions of documents that support their claims." *Id*.  Upon incorporation, a court "'may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Id*. at 1003 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).  However, it is "improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pl[ed] complaint." *Id*.  Incorporation is also improper "if the document merely creates a defense to the well-pled allegations in the complaint"; otherwise, "defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Id*. at 1002.  Improper incorporation prevents plaintiffs from having an opportunity to respond, and the defendant's "newly-expanded version of the complaint" can topple plaintiffs' "otherwise cognizable claims." *Id*. at 1003.

Pursuant to Rule 201(b) of the Federal Rules of Evidence, a Court "may judicially notice a[n] [adjudicative] fact that is not subject to reasonable dispute." Fed. R. Evid. 201(b).  Adjudicative facts are those "'concerning the immediate parties – who did what, where, when, how, and with what motive or intent,'" *i.e*., "'the facts that normally go to the jury in a jury case.'" Fed. R. Evid. 201 (advisory committee note).  A fact that is not subject to reasonable dispute is one that is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).  A court may also take judicial notice of

LEAD PLAINTIFF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CONSOLIDATED COMPLAINT - 4:20-cv-06024-PJH                              - 2 -
4845-1824-7411.v1

"'matters of public record,'" but it "cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999; *see Lee*, 250 F.3d at 689.

The limited application of judicial notice is not relaxed with respect to Rule 12(b)(6) motions in cases, like this one, involving violations of the federal securities laws. *See, e.g.*, *Livid Holdings, Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 950 (9th Cir. 2005) ("[A] factual determination by the court is inappropriate in a Rule 12(b)(6) dismissal."); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1064 (C.D. Cal. 2012) (judicial notice of the truth of a document's content "would be inappropriate in the context of a motion to dismiss."). While a defendant seeking to dismiss claims of securities law violations may raise, on a motion to dismiss, opposing inferences on the element of scienter, the Supreme Court has clearly held that any such inferences must be "rationally drawn *from the facts alleged*." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 314 (2007).

**III.     UNOPPOSED DOCUMENTS (Exhibits 1-8 and 10-23)**

Pursuant to the doctrine of incorporation by reference, Plaintiff does not object to the Court's consideration of Exhibits 3-8 and 10-23. Each of the documents was referenced in the Complaint and Plaintiff does not dispute their authenticity. Accordingly, judicial notice for the purpose of identifying the contents of the referenced U.S. Securities and Exchange Commission ("SEC") filings, quarterly conference calls, analyst reports and published articles is appropriate. Also, Plaintiff does not oppose judicial notice of Exhibits 1 and 2.

While Plaintiff does not oppose judicial notice of these exhibits, it is still improper to consider them for the truth of the matters asserted herein. *See Gammel v. Hewlett-Packard Co.*, 2013 WL 1947525, at *3 (C.D. Cal. May 8, 2013). In several instances, Defendants use these exhibits to suggest that they gave adequate warnings to investors about the revenue risks Fastly faced with TikTok as its largest customer (*see* Mot. at 4 (citing Exhibits 5 and 8), 14 (citing Exhibits 5, 8 and 16) – a fact in dispute that cannot be judicially noticed. Similarly, Defendants improperly use the exhibits to suggest they were transparent with investors (*see* Mot. at 6 (citing Exhibits 17-18), which is also a question of fact.

LEAD PLAINTIFF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CONSOLIDATED COMPLAINT - 4:20-cv-06024-PJH                                        - 3 -
4845-1824-7411.v1

## IV.    OPPOSED DOCUMENTS

### A.    Request for Judicial Notice of Exhibit 9 Is Improper

Defendants request the Court take judicial notice of Exhibit 9, which in not referenced or mentioned in the Complaint.  Exhibit 9 is excerpts of a report issued by the Committee on Foreign Investment in the United States to Congress in July 2020, titled *Committee on Foreign Investment in the United States Annual Report to Congress for Report Period: CY 2019*.  Defendants rely on Exhibit 9 to suggest that the "CFIUS investigations are routine and rarely result in government action." Mot. at 5.  But this is nothing more than Defendants improper interpretation of a chart in Exhibit 9, which does not contain the clear conclusion Defendants seek to draw from it, and is a disputed question of fact that should not be accepted as true.  Indeed, the chart Defendants interpret says nothing of the "routine" nature of CIFUS investigations or that such actions rarely result in government action.  Nor does Exhibit 9 give any information on the facts underlying the disposition of any particular case.  In fact, the chart in Exhibit 9 on which Defendants reply shows an upward trend in the number of CIFUS notices file from 2010 to 2019 which belies Defendants interpretation.

### B.    Request for Judicial Notice of Exhibit 24 Is Improper

Exhibit 24 is Fastly's Form 8-K filed with the SEC on February 17, 2021, four months after the Class Period ends and is not cited or mentioned in the Complaint.[4]  The authenticity of the document is not disputed, however, Plaintiff objects to the use of Exhibit 24 for purposes of challenging the falsity of Defendants' misleading third quarter ("3Q") 2020 and fiscal year ("FY") 2020 guidance statements.  By use of Exhibit 24, Defendants suggest that because Fastly reported FY 2020 revenue in line with its original guidance given on August 5, 2020 *after the Class Period*, the FY 2020 guidance statement is not misleading.  But again, this is a disputed fact that is not subject to judicial notice.  As the Complaint alleges on October 14, 2020, Defendants were forced to withdraw the FY 2020 guidance they gave just two months earlier on August 5, 2020 because of the loss of TikTok traffic, and as a result, Fastly's stock price declined and investors were damaged.

---

[4]    "Class Period" is between May 6, 2020 and October 14, 2020.

LEAD PLAINTIFF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CONSOLIDATED COMPLAINT - 4:20-cv-06024-PJH                                    - 4 -
4845-1824-7411.v1

Thus, the fact that Fastly purportedly recovered from its 3Q revenue miss *after* the Class Period is not relevant as investors had already been damaged by Defendants' false and misleading statements.

### C.    Request for Judicial Notice of Exhibits 25-26 Is Improper

Exhibits 25-26 are purported compilations of SEC Form 4s for sales of Fastly made by Bixby and Lares during the Class Period.  Defendants use of Exhibits 25-26 is improper because they seek to establish the existence of a Rule 10b5-1 trading plan as an affirmative defense which is inappropriate to adjudicate at the pleading stage (*see* Mot. at 24).  17 C.F.R. §240.10b5-1(c)(1); *see also In re UTStarcom, Inc. Sec. Litig.*, 617 F. Supp. 2d 964, 976 n.16 (N.D. Cal. 2009) ("[A]lthough evidence of the nondiscretionary nature of Defendants' sales may ultimately provide the basis of an affirmative defense at a later stage of the litigation, it suffices that, at the pleading stage, Plaintiffs have alleged significant and suspiciously timed securities sales."); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *22 n.13 (N.D. Cal. June 2, 2020) ("the use of the 10b5-1 plan is an affirmative defense that does not rebut well-pled allegations of scienter").

The Court cannot "'make such factual findings when considering a motion to dismiss'" because it must "'draw all inferences in favor of the non-moving party.'" *Stocke v. Shuffle Master, Inc.*, 615 F. Supp. 2d 1180, 1193 (D. Nev. 2009).  Furthermore, while the Form 4's reference a Rule 10b5-1 trading plan, Defendants have not sought to introduce the 10b5-1 trading plan, which may contain loopholes allowing Defendants to conceal trades based on inside information.  Thus, the facts Defendants seek to introduce in Exhibits 25-26 are inappropriate at this stage and are subject to "reasonable dispute" and do not qualify for judicial notice under Rule 201(b).  *Gammel*, 2013 WL 1947525, at *3-*4 (refusing to notice Form 4s); *Maiman v. Talbott*, 2010 WL 11421950, at *7 (C.D. Cal. Aug. 9, 2010) (same).

### V.    CONCLUSION

For the reasons set forth above, Defendants' request for judicial notice of Exhibits 9 and 24-26 should be denied and Defendants' arguments premised on those exhibits should not be considered by the Court.

LEAD PLAINTIFF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CONSOLIDATED COMPLAINT - 4:20-cv-06024-PJH                                                                    - 5 -
4845-1824-7411.v1

DATED:  July 26, 2021

ROBBINS GELLER RUDMAN
  & DOWD LLP
LAURIE L. LARGENT
CAROLINE M. ROBERT


s/ LAURIE L. LARGENT
LAURIE L. LARGENT

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
llargent@rgrdlaw.com
crobert@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

Lead Counsel for Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 26, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ LAURIE L. LARGENT
LAURIE L. LARGENT

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  llargent@rgrdlaw.com

4845-1824-7411.v1

## Mailing Information for a Case 4:20-cv-06024-PJH In re FASTLY, INC. SECURITIES LITIGATION

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com,MAlbert@ecf.courtdrive.com,e_file_SD@rgrdlaw.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Brett Hom De Jarnette**
  bdejarnette@cooley.com,galancr@cooley.com

- **Lubna Faruqi**
  lfaruqi@faruqilaw.com,ecf@faruqilaw.com

- **Janelle Marie Fernandes**
  jfernandes@cooley.com,emadrigal@cooley.com

- **Melissa Ann Fortunato**
  fortunato@bespc.com,ecf@bespc.com

- **Richard W. Gonnello**
  rgonnello@faruqilaw.com,ecf@faruqilaw.com,dbehnke@faruqilaw.com

- **Benjamin Heikali**
  Bheikali@faruqilaw.com,rglezakos@faruqilaw.com,ecf@faruqilaw.com,tpeter@faruqilaw.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Laurie L. Largent**
  llargent@rgrdlaw.com,e_file_sd@rgrdlaw.com,mkuwashima@rgrdlaw.com

- **Katherine M. Lenahan**
  klenahan@faruqilaw.com,ecf@faruqilaw.com

- **Angelica Lien Leo**
  aleo@cooley.com,jcorrell@cooley.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,asoto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,asoto@pomlaw.c

- **Marion Curry Passmore**
  passmore@bespc.com,ecf@bespc.com

- **Alexi Harry Pfeffer-Gillett**
  agillett@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Caroline Maryse Robert**
  crobert@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Jessica Valenzuela Santamaria**
  jsantamaria@cooley.com,galancr@cooley.com,emadrigal@cooley.com

- **Nina M. Varindani**
  nvarindani@faruqilaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing. You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)