COOLEY LLP
JESSICA VALENZUELA SANTAMARIA (220934) (jvs@cooley.com)
BRETT H. DE JARNETTE (292919) (bdejarnette@cooley.com)
JANELLE M. FERNANDES (322217) (jfernandes@cooley.com)
ANGELICA LEO (334324) (aleo@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:    +1 650 843 5000
Facsimile:     +1 650 849 7400

Attorneys for Defendants
FASTLY, INC., JOSHUA BIXBY,
and ADRIEL LARES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re FASTLY, INC. SECURITIES LITIGATION<br><br>_____<br><br>This Document Relates to:<br><br>ALL ACTIONS. | Case No. 4:20-cv-06024-PJH<br><br><u>CLASS ACTION</u><br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CONSOLIDATED COMPLAINT**<br><br>Date:          November 4, 2021<br>Time:          1:30 p.m.<br>Judge:        Hon. Phyllis J. Hamilton<br>Courtroom:  3 |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

DEFENDANTS' REPLY
ISO RJN
4:20-CV-06024-PJH

## I.      INTRODUCTION

Plaintiff's Opposition to Defendants' Request for Judicial Notice and Incorporation by Reference confirms that the Court should consider twenty-six documents in ruling on Defendants' Motion to Dismiss the Complaint.[1]

First, Plaintiff concedes that the Court can properly consider twenty exhibits (Exhibits 3-8 and 10-23) under the incorporation by reference doctrine.  Under that doctrine, the Court may consider such incorporated documents, even for their truth, unless they are ***only*** used to dispute ***well-pled factual*** allegations from the Complaint.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998, 1002 (9th Cir. 2018).  Plaintiff incorrectly contends that there are "several instances" where Defendants use certain exhibits in this manner.  But he fails to identify any well-pled factual allegations that Defendants improperly dispute.  And the purported examples of this are not attempts to dispute factual allegations.  Rather, they are simply direct quotes from Fastly's public filings that Defendants referenced in their Motion to Dismiss, to provide the Court with context as to what information Fastly provided to investors during the relevant period – exactly the purpose of the incorporation by reference doctrine.

Second, Plaintiff concedes that judicial notice of two exhibits (Exhibits 1 and 2) is proper.

Third, Plaintiff only takes issue with four documents: a U.S. Government report issued by the Committee on Foreign Investment in the United States to Congress (Exhibit 9); and three filings that Fastly made with the U.S. Securities and Exchange Commission ("SEC") (Exhibits 24-26).  He does not dispute that such documents are the proper subjects of judicial notice.  Nor does he challenge the authenticity of such exhibits.  Instead, he claims that Defendants misinterpret the documents and rely upon them to dispute a factual issue – whether Defendants misled investors.  But simply because these documents undermine (and demonstrate the inadequacy of Plaintiff's allegations) does not render judicial notice of them improper.  Courts routinely consider exhibits of these types in considering whether a plaintiff satisfies the rigorous pleading requirements of the

---

[1] "Motion" refers to Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 70).  "RJN" refers to Defendants' Request for Judicial Notice and Incorporation by Reference (ECF No. 71).  "Exhibit" refers to exhibits identified in the Declaration of Janelle M. Fernandes in support of Defendants' Motion (ECF No. 70-1).  "RJN Opposition" refers to Plaintiff's Opposition to Defendants' RJN ("RJN Opp.") (ECF No. 74).

Cooley LLP
Attorneys at Law
Palo Alto

1

**Defendants' Reply
ISO Motion to Dismiss
4:20-cv-06024-PJH**

PSLRA, and Plaintiff's position to the contrary would render the judicial notice doctrine meaningless.

For these reasons and those set forth below, Defendants request that the Court consider Exhibits 1-26.

## II.   UNOPPOSED EXHIBITS

Plaintiff does not oppose the Court's consideration of twenty-two of Defendants' twenty-six exhibits.  Twenty of such exhibits are incorporated by reference into the Complaint (Exhibits 3-8 and 10-23).  The two other exhibits are subject to judicial notice, as they are public articles (Exhibits 1 and 2).  While Plaintiff seeks to limit the inferences the Court can draw from certain of these exhibits, he fails to credibly argue that Defendants use any exhibit improperly.

### A.   Plaintiff Does Not Oppose Any of the Documents Defendants Seek to Incorporate by Reference into the Complaint

Defendants seek incorporation by reference of Exhibits 3-8 and 10-23.  Plaintiff "does not object" to incorporation by reference of any of these exhibits because "[e]ach of the documents was referenced in the Complaint and Plaintiff does not dispute their authenticity."  (RJN Opp. at 1, 3.) Plaintiff does not contest that he "refers extensively to the document[s] or the document[s that] form[] the basis of" his claims.  *Orexigen*, 899 F.3d at 1002.  And Plaintiff concedes that the Court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  (RJN Opp. at 2.)  As a result, the Court should consider Exhibits 3-8 and 10-23 under the incorporation by reference doctrine.

Plaintiff nonetheless contends that under *Orexigen*, Defendants use certain exhibits to "improperly decide disputed questions of fact critical to the well pled Consolidated Complaint." (RJN Opp. at 1.)  Specifically, he argues that Defendants rely on exhibits to suggest "that they gave adequate warnings to investors about the revenue risks Fastly faced with TikTok as its largest customer" and that "they were transparent with investors."  (RJN Opp. at 3.)  But Plaintiff misconstrues *Orexigen* to suggest that Defendants cannot use documents to undermine his allegations in any way.  (*See* RJN Opp. at 2-3.)  This argument misinterprets *Orexigen's* holding. There, the Court stated that it is only inappropriate to assume the truth of an incorporated document

Cooley LLP
Attorneys at Law
Palo Alto

2

Defendants' Reply
ISO Motion to Dismiss
4:20-cv-06024-PJH

if "such assumptions *only serve to dispute facts* stated in a well-pl[ed] complaint." 899 F.3d at 1003. Indeed, *In re Eventbrite, Inc. Sec. Litig.* made clear that "[*Orexigen*] does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations. . . . Moreover, nothing in [*Orexigen*] prevents this Court from analyzing an alleged false statement in context." *Orexigen* thus did not eradicate the rule that alleged false statements "must be analyzed in context." 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020).

Here, Plaintiff does not any identify well-pled factual allegations from the Complaint that Defendants improperly dispute. Nor can he. Plaintiff points to instances where Defendants quoted directly from incorporated documents so that the Court can understand the context in which the alleged false and misleading statements were made. These references do not contradict any well-pled "facts" in the Complaint. (*See e.g.*, Mot. at 4 (citing Exhibits 5, 8); 6 (citing Exhibits 17-18); 14 (citing Exhibits 5, 8, 16).) For example, Defendants quote the following risk factor from Fastly's 2019 Form 10-K filed with the SEC, not for its truth, but so the Court can consider the risks Fastly disclosed to the market:

> If the U.S. government prohibits our current or potential customers from doing business with us, whether through policy, regulations or laws, we could face direct liability *or our delivery of content by our platform may be blocked. For example, the U.S. government has expressed concerns about the ability of companies operating in China to do business in the U.S. or with U.S. companies, and 29% of our total revenue was generated from customers outside of the United States for the year ended December 31, 2019.* As a result, we could lose the ability to contract with current or potential customers, which could harm our business and reputation.

(Mot. at 4 (citing Exhibit 5 at 27).) Plaintiff does not contest that Fastly disclosed this risk to investors in its 2019 Form 10-K. Nor does he dispute the truth of such disclosure – namely that the U.S. government expressed concerns about Chinese companies doing business in the U.S. and that 29% of Fastly's revenue was generated from international customers in 2019. That the disclosure weakens Plaintiff's claims does not preclude the Court from considering it. In fact, the incorporation by reference doctrine is designed "to prevent plaintiffs from highlighting only the portions of certain documents that support their claims, *while omitting portions of those documents that weaken their claims*." *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 905 (N.D. Cal. 2019);

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3

DEFENDANTS' REPLY
ISO MOTION TO DISMISS
4:20-CV-06024-PJH

*see also Orexigen*, 899 F.3d at 1003 ("[T]he incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs[.]").  Accordingly, the Court may consider the documents incorporated by reference into the Complaint (Exhibits 3-8 and 10-23), even for their truth.[2]

### B.    Plaintiff Does Not Oppose Judicial Notice of Two Exhibits

Plaintiff does not object to the Court taking judicial notice of Exhibits 1 and 2, which are public articles.  Nor does he claim that Defendants use these exhibits improperly.  As a result, the Court should consider Exhibits 1 and 2.

### III.    OPPOSED EXHIBITS

Defendants' request that the Court take judicial notice of Exhibits 9, 24, 25, and 26 to consider facts not subject to reasonable dispute and to consider what information was publicly available to the market during the relevant period.  Federal Rule of Evidence 201 authorizes a court to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  Courts may take judicial notice of "publicly available financial documents[,] such as SEC filings," and "publicly available articles or other news releases of which the market was aware."  *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (courts may consider "any matter subject to judicial notice, such as SEC filings" on a motion to dismiss); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020). While Plaintiff opposes the Court's consideration of these four exhibits, he does not dispute that the Committee on Foreign Investment in the United States ("CFIUS") report (Exhibit 9) and SEC filings (Exhibits 24-26) are the proper subjects of judicial notice.  And he does not contend that the Exhibits' data and contents are inaccurate or subject to reasonable dispute.

Instead, he appears to claim that Defendants use these exhibits improperly to show that they did not mislead investors.  (*See* RJN Opp. at 4-5.)  But Plaintiff ignores that Defendants can use

---

[2] Plaintiff appears to also take issue with the following quote from Defendants' Motion: "Bixby explained that Fastly 'chose to [disclose TikTok as a customer] voluntarily. ***And we did it because we think it's information that we want to be really transparent with our investors and make sure everyone knows exactly where we're at***.'"  (Mot. at 5; *see also* RJN Opp. at 3)  Plaintiff does not dispute that Bixby made this statement.  Nor does Plaintiff point to any factual allegation from the Complaint contradicting the truth of this quote, as the Complaint contains no well-pled factual allegation about what Bixby or Fastly believed or did not believe.

Cooley LLP
Attorneys at Law
Palo Alto

4

DEFENDANTS' REPLY
ISO MOTION TO DISMISS
4:20-CV-06024-PJH

judicially noticeable facts to make legal arguments and to provide the Court with the necessary context to evaluate whether a complaint adequately states a securities fraud claim.  As this Circuit observed in *Daniels-Hall v. Nat'l Educ. Ass'n*, the Court is "not [ ] required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  629 F.3d 992, 998 (9th Cir. 2010).  Indeed, if companies were not permitted to dispute whether they committed securities fraud, motions to dismiss securities class actions would be meaningless.

**Exhibit 9.**  Defendants seek judicial notice of Exhibit 9, an official government report published by CFIUS, a governmental entity, that is publicly available on the U.S. Department of Treasury's website and not subject to reasonable dispute.  (RJN at 8.)  Plaintiff does not contest that official government documents are the proper subjects of judicial notice.  *See L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 937-38 (C.D. Cal. 2011) ("[J]ust as public records and government documents are generally considered 'not to be subject to reasonable dispute,' so too does this include '[p]ublic records and government documents available from reliable sources on the Internet.'")  Nor does he contest the accuracy of the data in Exhibit 9 showing that from 2010 to 2019, out of 810 CFIUS investigations, only five (0.6%) resulted in presidential action.  (*See* Exhibit 9 at 4.)  In fact, he concedes Exhibit 9's reliability by citing data from the report "show[ing] an upward trend in the number of CIFUS [sic] notices file [sic] from 2010 to 2019."  (RJN Opp. at 4.)

Plaintiff nonetheless argues that Defendants improperly interpret the data to suggest that "CFIUS investigations are routine and rarely result in government action."  (RJN Opp. at 4.)  Plaintiff fails to explain how conducting nearly 100 investigations a year is not "routine" or how presidential action is not "rare," when it happens only 0.6% of the time.  In any event, Defendants are entitled to make legal arguments with judicially noticeable facts.  Plaintiff cites absolutely no authority suggesting otherwise.

**Exhibit 24.**  Fastly's Form 8-K filed with the SEC on February 17, 2020 is judicially noticeable.  *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008)

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5

DEFENDANTS' REPLY
ISO MOTION TO DISMISS
4:20-CV-06024-PJH

(noting that judicial notice of SEC filings is "proper"); *In re Rackable Sys., Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) ("SEC filings may be judicially noticed."). Exhibit 24 shows that Fastly reported revenue for 2020 of $291 million, in line with the revenue guidance it provided on August 5, 2020 of $290 million to $300 million. Plaintiff concedes that "[t]he authenticity of the document is not disputed." (RJN Opp. at 4.) He also does not dispute that Fastly's 2020 revenue was $291 million. Nor does he contest that such revenue was in line with the guidance range Fastly disclosed on August 5, 2020. As a result, Exhibit 24 is judicially noticeable.

Nevertheless, Plaintiff argues that Defendants improperly use Exhibit 24 because it is an irrelevant post-class period document. (RJN Opp. at 4.) But Plaintiff's own case, *Gammel v. Hewlett-Packard Company,* 2013 WL 1947525, at *3 (C.D. Cal. May 8, 2013), makes clear that SEC forms filed "before and ***after*** the class period . . . are appropriate for judicial notice." Further, Plaintiff's argument makes no sense given that he relies upon many documents published after the class-period in the Complaint. (*See e.g.*, ¶¶ 111-13.)

Plaintiff also argues that Defendants improperly use Exhibit 24 to suggest that they did not mislead investors, which he claims is "a disputed fact that is not subject to judicial notice." (RJN Opp. at 4.) This is absurd. The Supreme Court requires the Court to consider judicially noticeable facts in determining whether the complaint adequately pleads a securities fraud claim. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

***Exhibits 25 and 26.*** Defendants seek judicial notice of Exhibits 25 and 26, Form 4s filed with the SEC by Bixby and Lares. Plaintiff does not dispute that Exhibits 25 and 26 show that Bixby and Lares only sold Fastly stock pursuant to 10b5-1 plans. He also completely ignores authority showing that courts routinely take judicial notice of SEC Form 4s. *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) (granting judicial notice of Form 4s that were "integral to the stock sale allegations made in the Complaint"); *see also In re Leapfrog Enter., Inc. Sec. Litig.*, 237 F. Supp. 3d 943, 952-53 (N.D. Cal. 2017); *Park v. GoPro, Inc.*, 2019 WL 1231175, at *7 (N.D. Cal. Mar. 15, 2019) (taking judicial notice of exhibits "for the purposes of showing that [defendants] had nondiscretionary 10b5-1 stock sales plans").

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6

DEFENDANTS' REPLY
ISO MOTION TO DISMISS
4:20-CV-06024-PJH

Plaintiff still argues that the Court cannot consider Exhibits 25 and 26 unless the 10b5-1 trading plans themselves are also submitted as exhibits. (RJN Opp. at 5.) He is wrong, as courts take judicial notice of Form 4s even where 10b5-1 plans are not attached to the motion. *See City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) (taking judicial notice of Form 4s where 10b5-1 plans were not concurrently submitted as exhibits). The two cases Plaintiff cites do not help him, as they involved Form 4s showing stock purchases that were not referenced in the Complaint. *See Maiman v. Talbott,* 2010 U.S. Dist. LEXIS 142712, at \*20 (C.D. Cal. Aug. 9, 2010) ("declin[ing] to take judicial notice of defendants' stock *purchases* reflected in Forms 4"; *Gammel*, 2013 WL 1947525, at \*4. Unlike those cases, Exhibits 25 and 26 provide the Court with context surrounding the stock sales Plaintiff relies on in an attempt to plead a strong inference of scienter.

## IV.    CONCLUSION

For the reasons stated above, Defendants respectfully ask that the Court consider Exhibits 1-26.

Dated: September 1, 2021

COOLEY LLP
JESSICA VALENZUELA SANTAMARIA
BRETT H. DE JARNETTE
JANELLE M. FERNANDES
ANGELICA LEO

By: */s/ Jessica Valenzuela Santamaria*
        Jessica Valenzuela Santamaria

Attorneys for Defendants
FASTLY, INC., JOSHUA BIXBY, and
ADRIEL LARES

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

7

DEFENDANTS' REPLY
ISO MOTION TO DISMISS
4:20-CV-06024-PJH